N. A. ENGLISH *et al.* v. ELIZABETH WOODMAN *et al., as Executors, etc.*

1. TAX LIEN—*Action by County to Foreclose.* Under ch. 39, Laws of 1877, no extraordinary power or jurisdiction is conferred upon district courts, but only an additional remedy or cause of action is thereby given to a county by which it may under certain conditions foreclose a tax lien.

2. NOTICE, *Not Filed or Approved—Irregularity Only.* Under ch. 39, where the only notice to the defendant is given by publication of the notice, as required by ch. 39, and where it is shown that such notice was not filed or approved by the court, *held,* such omission amounts to an irregularity only, under § 75 of the code of civil procedure, and under ch. 39 no provision is made for filing or approving of said notice, and the jurisdiction of the court is not affected by said omission where such publication notice has actually been given.

3. SHERIFF'S SALE—*No Collateral Attack of Judgment.* In an action to recover possession of land by the purchaser thereof at sheriff's sale, made under the provisions of ch. 39, Laws of 1877, such judgment or proceeding cannot be collaterally inquired into because of any supposed irregularity in such proceeding or judgment, where such irregularity does not affect the jurisdiction of the court.

4. TITLE, *Original Owner Barred from Setting Up.* In an action against the original owner for the possession of lands by the purchaser at a judicial sale, made under ch. 39, Laws of 1877, where it is shown that the lands remained unoccupied for more than five years after the recording of the sheriff's deed given to said purchaser at such sale, such original owner is barred from setting up his title as a defense to said action.

*Error from Sedgwick District Court.*

ACTION brought by *Woodman* against *English* and another, to recover the possession of lot 59, on Court street, in the city of Wichita. Trial at the May term, 1887, and judgment for the plaintiff. The defendants bring the case here.

*Hatton & Ruggles,* for plaintiffs in error.

*Sluss & Stanley,* for defendants in error.

Opinion by CLOGSTON, C.: In the court below it was admitted by the parties that the defendants, plaintiffs in error, had the legal title to the lot from the government down, and were entitled to the possession thereof, unless divested by the judgment, sale, and deed in proceedings had under and by virtue of chapter 39 of the Laws of 1877.

Plaintiff, to maintain the issues on his part, offered in evidence the deed executed by the sheriff of Sedgwick county to himself, he having been the purchaser at such sale. This deed was objected to, the objection overruled, and plaintiff rested. The defendants introduced in evidence the notice of publication in the suit in which judgment was rendered, and also the judgment upon which the sale was made. The errors now complained of are, first, that the deed was improperly admitted in evidence, because the same was executed by the sheriff instead of by the board of county commissioners of Sedgwick county; second, that the proceedings fail to show

that the court had jurisdiction of the subject-matter, and that the judgment fails to show or recite facts required by the statute under which the proceedings were brought; third, that the notice of publication was never filed in the district court or approved by the court; fourth, that the judgment included costs.

Plaintiffs in error insist that the court should have found these several facts: First, that the real estate is situate in the county in which the court is held; second, that the lot had been sold at delinquent tax sale; third, that it had been bid in by the city or county at such sale; fourth, that it had remained unredeemed for three years; fifth, that the certificate of sale had remained untransferred. These facts must exist before a regular judgment can be rendered by a court in such proceeding, and the only question in relation to this matter is, whether or not, in the absence of some of these facts, the court is without jurisdiction. In other words, is the judgment void because the court failed to find all of these facts, or is the judgment merely irregular? It is contended by the plaintiffs in error that this is a special statutory proceeding; giving the district court special jurisdiction of the subject-matter, and being such a proceeding it gives the court only a limited jurisdiction, and its jurisdiction being limited the rule applicable to a court of inferior or special jurisdiction must apply; and the rule in such cases is, that there must affirmatively appear upon the face of the record all the facts necessary to give the court jurisdiction. The rule contended for by the plaintiffs we think is correct, but not applicable to this case. The district court is a court of general jurisdiction, and in this action, like many other of the proceedings of which it has jurisdiction, the remedy has been conferred by special statute, including remedies unknown at the common law, and yet no one has ever contended that by reason of such jurisdiction its power is limited. We think that while this is a statutory proceeding, yet the statute does not create the jurisdiction of the court, but gives to the county a remedy, to foreclose its tax liens against certain real estate under certain conditions; and the same pre-

sumptions must follow this judgment that follow all other judgments of the district court, that, the court having jurisdiction of the subject-matter and the parties, errors made by the court can only be attacked by proper proceedings in error, and not collaterally. We think, however, that the judgment offered in evidence does show that this land was bid in by the county, and that the certificate of sale still remains untransferred; and while the judgment does not in so many words declare that fact, it does say that it was sold at tax sale; that the said lot 59 remained unredeemed, and the certificate of sale therefor untransferred; that the said taxes and penalties still remained due and unpaid and a lien upon the said lot. This could not be true if the lot had been purchased at tax sale by any other than the county, or if the tax certificate had been assigned by the county; for, if the land had been purchased by another, the taxes would have been paid; or, if the tax certificate had been assigned, in that event the taxes would have been paid. The allegation that the taxes were still due and unpaid, was equivalent to saying that the land was bought in by the county, and that the tax-sale certificate had not been assigned.

The objection to the introduction of the deed in evidence was upon the theory that the deed was made by the wrong person; in other words, that the sheriff had no authority under the law authorizing the sale to make a deed. The statute under which these proceedings were had does not provide who shall make the deed in case the land is sold to a person, and not to the county. When sold to the county, it provides that the sheriff shall make a deed to the board of county commissioners, and then provides that in all sales and leases the board of county commissioners shall make the deed, there being an entire absence of provision as to who shall make the deed when land is sold to individuals. Section 6 of chapter 39, Laws of 1877, among other things, provides:

"And all deeds made in pursuance of any sale made by virtue of this act shall be made in the same form and shall have the same effect, and the purchaser at such sale be entitled to

the same remedies, relief and protection as purchasers at sales on foreclosure of mortgage or sales on execution."

If this deed is to be in the form of other deeds made on foreclosure of mortgage or sales on execution, then we think that in the absence of any direct provision as to who shall make the deed, the sheriff would make the deed as at other judicial sales.

All the other objections urged by the plaintiffs in error fall under the general rule that where the court has jurisdiction to render the judgment, all irregularities in the findings of the court, in the judgment itself, or the amount for which judgment should be rendered, cannot be reached in proceedings of this kind. Plaintiffs, however, contend that, it being admitted that no proof of publication was ever filed in the district court and approved by the court, and as the judgment was rendered upon such notice, although the notice was duly published as provided by law, yet the judgment was rendered by default, and that under the code of civil procedure no judgment should be rendered by default where service by publication is had unless such notice is filed and approved. This provision of the code has been frequently held by this court to be directory merely, and not jurisdictional. (*Foreman v. Carter*, 9 Kas. 674; *Pierce v. Butters*, 21 id. 124; *Williams v. Moorehead*, 33 id. 609; *Robinson v. Hall*, 33 id. 139.) But even granting it was jurisdictional under the code, yet to this case the code does not apply. The chapter under which these proceedings were had provides for the notice of publication, what it should contain, the length of time it should be published, and makes no provision whatever for the proof of publication, or that the same shall be filed. It must be published to give the court jurisdiction, and since no provision is made for the filing or approval by the court, none was necessary. If the notice was actually published for the time prescribed, and contained the matter directed by the statute, that was all that was necessary to give the court jurisdiction.

In conclusion, it may be said that this proceeding was not a tax proceeding, and not governed by the provisions affect-

ing tax sales, but was governed entirely as other judicial proceedings are. The judgment and sale must be considered in the light of other judicial proceedings, and therefore no statute of limitation concerning tax proceedings can affect this. It is claimed by the defendant in error, though all the errors other than such as give the court jurisdiction alleged by the plaintiffs in error appeared in this record, and this was a proceeding to review those errors, yet the judgment must be affirmed, for the reason that more than five years elapsed after the deed of this land by the sheriff was placed of record before the plaintiffs in error went into possession of the lot; and it being admitted that the lot was at the time of the sale, and remained for more than five years after the deed was placed of record, unoccupied, that the possession follows the legal title; the proceedings and deed gave the legal title to the defendant in error; that the five-years statute has run against the plaintiffs, and they are entirely barred even from reviewing whatever errors there were in the proceedings, other than the jurisdiction of the court. We think this claim of the defendant in error is correct. As before said, this was a judicial proceeding. The judgment and sale and deed thereunder must protect the purchaser as completely as though made upon foreclosure of mortgage or sale upon execution. This was a sale upon execution, and the purchaser at that sale is entitled to the same protection, and the statute of limitations entirely protects his title from all irregularities claimed by the plaintiffs in error, and they are barred by said statute.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.