AARON B. RHODES v. DANIEL SPEARS *et al.*

No. 12,335.   (65 Pac. 228.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Findings.* Where there is testimony in the record supporting all the material facts necessary to be found in rendering a general judgment, this court will not set aside the judgment.

2. JUDGMENT — *Conclusiveness.* While the judgment offered in evidence on the trial of this cause was not in all respects as formal and complete as it should have been, as between the parties to it and those claiming under or through them in a collateral proceeding, it is not void.

Error from Linn district court.; WALTER L. SIMONS, judge. Opinion filed June 8, 1901. Division one. Affirmed.

STATEMENT.

O. E. MORSE, one of the defendants in error, as receiver for Hood & Kincaid, commenced this action in the court below to foreclose a certain deed as a mortgage, and made Aaron B. Rhodes, the plaintiff in error, and Daniel Spears, one of the defendants in error, defendants therein, alleging that each claimed some interest in the real estate in question adverse to plaintiff. A trial was had, and judgment rendered for Spears and against the plaintiff in error and the other defendant in error, O. E. Morse. Rhodes brings the case here, claiming that the judgment of the court below is not supported by the evidence and is contrary to law. O. E. Morse, as receiver of Hood & Kincaid, files a cross-petition in error, alleging that as to him the judgment of the court below is not supported by the evidence and is contrary to law.

The facts are numerous and complicated, and we have set out in the opinion only such as seem material to an understanding of the case.

*William Rich, John C. Cannon,* and *Snoddy & Snoddy,* for plaintiff in error.

*L. D. Mathews,* for defendant in error Daniel Spears.

*J. D. McCleverty,* for defendant in error O. E. Morse, receiver.

The opinion of the court was delivered by

GREENE, J.: Zalmon Kincaid, Robert Kincaid and Joseph Kincaid were engaged in the banking business at Pleasanton, Kan., under the firm name of Hood & Kincaid. Kincaid & Bro. was a trading partnership composed of Zalmon Kincaid and Robert Kincaid, and doing business at Mound City. There seems to have been another firm doing business as Kincaid & Co., but there is no evidence as to who composed this firm, and it is probable that it was fictitious.

Van Buskirk & Son were indebted to Hood & Kincaid to the amount of $1650, and in some smaller amount to Kincaid & Bro., the exact amount not being disclosed by the evidence. Van Buskirk & Son failed, and afterward deeded their homestead to Robert Kincaid, who was a member of Hood & Kincaid and also Kincaid & Bro., in satisfaction of the debts they owed Hood & Kincaid and Kincaid & Bro. Notes to the amount of $1650, held by Hood & Kincaid against Van Buskirk & Son, were delivered to Robert Kincaid and by him to Van Buskirk & Son. In lieu of these notes, Robert Kincaid or Kincaid & Bro. executed to Hood & Kincaid a note or notes in the sum of $1650, to take the place, on the books of the bank, of the notes of Van Buskirk & Son. From the evidence, this was not intended to be an actual obligation. It was understood that when this real estate could be sold $1650 of the proceeds should be paid to Hood &

Kincaid; that the notes executed to Hood & Kincaid at the time the property was deeded to Robert Kincaid should be delivered to Kincaid & Bro. or to Robert Kincaid, and that the remainder of the proceeds should go to liquidate the indebtedness of Van Buskirk & Son to Kincaid & Bro.

It was afterward thought advisable to trade the Van Buskirk property to one Swift for the real estate in question. This was done, and the title thereto taken in the name of Robert Kincaid. Soon after the execution and delivery of this deed, and before it was recorded, Robert Kincaid got the Swifts to execute a deed to Joseph Kincaid, and Robert destroyed the deed executed to himself. This latter deed, when executed, was forwarded by Robert Kincaid to Joseph Kincaid in the following letter:

"MOUND CITY, KAN., September 3, 1891.
"*Mr. J. Kincaid:*    (*Swift house.*  $1650.)
"I had this deeded to you. It is a good house and now rents for $9 per month, to a good man, I think. The man, Mr. Wilbur, moved into it May 1, 1891. I have never collected any rent, but he can pay it at any time. The property cost $2500. I traded the Van Buskirk property, and he (Swift) gave me $725 to boot. This we got from Van Buskirk when he busted up. Most of it was H. & K., and the balance K. & Bro. Go over to the bank and take up K. & Bro. stock notes to the amount, and figure interest to May 1, 1891, as this is when the rents commenced. This property is clear property, and if any property sells in this town it will.  .  .  .          K. & BRO."

The evidence shows that Joseph Kincaid delivered this deed to the bank, but did not demand or receive the Kincaid & Bro. notes as directed. This was the condition of the title to this land, and of the business and transactions relating thereto, at the time Hood &

Kincaid failed and made an assignment to one of the defendants in error.

On August 5, 1893, the plaintiff in error, Rhodes, commenced an attachment action against Zalmon Kincaid and Robert Kincaid, partners as Kincaid & Bro., and attached the real estate in controversy, in which action he recovered judgment and preserved his attachment lien, and on August 7, 1895, he caused the real estate to be sold thereuuder, and on November 2, 1895, on motion of Spears, the sale was set aside.

On June 26, 1894, the defendant in error Spears commenced his action in the district court of Linn county against Robert Kincaid, Zalmon Kincaid, partners as Kincaid & Bro., and also against Robert Kincaid, Zalmon Kincaid, and Joseph Kincaid, partners as Kincaid & Co., upon certain notes executed by Kincaid & Bro. and Kincaid & Co., and also attached the real estate in controversy, in which action he recovered a judgment and an order to sell the attached property.  The following was the judgment of the court:

"Now, on this 8th day of October, 1894, this cause duly came on for trial; and the plaintiff appeared by his attorneys, Mathews & Mathews, the defendants failing to appear in person or by attorney for them, or either of them; and the court, being first duly advised in the premises, does find, adjudge and decree the said defendants, Robert Kincaid, Zalmon Kincaid, and Joseph Kincaid, and each of them, to be indebted to the said plaintiff, Daniel Spears, in the sum of $537.78, and interest at the rate of ten per cent. from the date of this judgment, and cost of this action. The court further decrees and preserves the attachment of real estate described as follows, to wit: Lot eleven (11), and west one-half of lot twelve (12), in block twenty-two (22), in the city of Mound City, Linn county, Kansas.  The court further orders that

said real estate be sold in ten days, as the property of Joseph Kincaid, and the proceeds thereof applied on this judgment.''

Under this judgment an order of sale was issued and the property sold, and purchased by Spears. After the sale and before the confirmation, Morse, as receiver of Hood & Kincaid, commenced an action against Spears to quiet the title to said real estate in him, as the receiver of Hood & Kincaid, and to set aside the proceedings had by Spears with reference to the real estate, and secured a temporary injunction restraining Spears from having the sale confirmed until the final determination of that litigation. To this Spears filed a general answer, presenting an issue on all facts set out in the petition. Upon the trial Spears's contention was maintained by the court, Morse was defeated, judgment rendered for Spears, and the temporary injunction dissolved. A sheriff's deed was executed and delivered to Spears.

It is contended by plaintiff in error that the Van Buskirk property was deeded by Van Buskirk & Son to Robert Kincaid in trust for Kincaid & Bro. The evidence does not support this contention. The evidence is that it was deeded to Robert Kincaid in trust for Hood & Kincaid and for Kincaid & Bro.; that Van Buskirk & Son owed Hood & Kincaid $1650 and Kincaid & Bro. a small amount, and that this property was deeded to Robert Kincaid in payment of both debts. Afterward, and before any attachment proceedings were commenced, that property was traded by Robert Kincaid for the Swift property, which is now in controversy, and $750 in cash. From the evidence, it seems that Kincaid & Bro. got and kept the $750. The Swift property was first deeded to Robert; afterward that deed was destroyed and Swift made

another deed to· Joseph Kincaid, but this property was held for the same purpose for which the Van Buskirk property was held, unless Kincaid & Bro. got the amount of the Van Buskirk indebtedness to them, by the cash payment of $750, which Robert received in that trade.   We think the destruction of the deed by Robert Kincaid did not destroy his title to the property ; nor did the deed from Swift to Joseph Kincaid vest any property in Joseph.   The Swifts had no title.   When the deed to the Swift property was taken it would seem that Kincaid & Bro. did not consider that they had any further interest in that property. Robert forwarded the deed to Joseph, with instructions to turn it over to Hood & Kincaid, and take up what was called the stock notes given by Kincaid & Bro. to Hood & Kincaid to represent the Van Buskirk notes on the books of Hood & Kincaid.

There is no evidence in the record as to the amount of the indebtedness of Van Buskirk & Son to Kincaid & Bro., nor is there any evidence that they did not receive payment in full of that indebtedness.   It was incumbent upon plaintiff in error to show that Kincaid & Bro. still retained some interest in that real estate, and to do that it was necessary for him to show the amount of the indebtedness of Van Buskirk & Son to Kincaid & Bro. and that it had not been settled.   Upon these questions the court found against the plaintiff in error, and there is some evidence to sustain·that finding ; therefore this court will not disturb it.

The defendant in error Morse files his cross-petition in error in this case, claiming that the judgment of the court below is not supported by the evidence. The record shows that the defendant in error Spears sued Kincaid & Bro. and Kincaid & Co. and attached

this real estate as the property of one or both of these firms. In this action he recovered a personal judgment against the members of said firms and against the firms, and an order to sell the attached property as the property of the defendants in that action and apply the proceeds to the payment of his judgment. An order of sale was issued and the property sold, and purchased by Spears, and the sale was confirmed. While the record was in this condition, and before Spears received a deed from the sheriff, Morse, as receiver of Hood & Kincaid, commenced an action in the district court of Linn county against Spears to set aside his pretended attachment and judgment lien and his claim to the real estate, and to quiet the title thereto in Morse, as receiver of Hood & Kincaid, and also asked for a temporary injunction restraining Spears from securing a sheriff's deed to the property during the pendency of that litigation. To the petition Spears filed a general answer, setting out his attachment action, his judgment, order of sale, and confirmation, and denying any right of Morse as such receiver to said real estate.

A final trial was had and a general judgment in favor of Spears and against Morse, as receiver of Hood & Kincaid. In the present action, Spears pleads that judgment as a final adjudication of the rights as between himself and Morse to the property in question. We think this judgment must be accepted as final and conclusive upon Morse as receiver of Hood & Kincaid. It is, however, suggested that the court below in that action only dissolved or set aside the temporary restraining order. The record does not so show, but it does show that it went to trial on its merits and a final judgment was rendered for Spears.

It is also objected that the judgment **upon which**

Spears sold the real estate in question was not sufficiently formal. We have examined the record and find that no objections were made to its admission in evidence on the trial of this case, on that or any other grounds. We have also examined this judgment, and, while it is informal, it contains the essentials.

Mr. Freeman, in his work on Judgments, section 50, says :

"I think, however, that from the cases this general statement may be safely made : That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it shows (1) the relief granted, and (2) that the grant was made by the court in whose records the entry is written. In specifying the relief granted, the parties against and to whom it is given must, of course, be sufficiently identified."

There is evidence in the record supporting the findings and judgment of the court below. The judgment will be affirmed.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.