No. 19,810.

BESSIE BELL, *Appellant*, v. W. H. BELL, *Appellee*.

SYLLABUS BY THE COURT.

1. DIVORCE—*Sufficient Affidavit for Publication Service.* An affidavit for service by publication in a divorce case which states that the whereabouts of the defendant is unknown to the affiant, and that her post-office address can not be ascertained by any means within his control, carries a sufficient inference of diligent inquiry as to the defendant's residence to save such affidavit from total insufficiency under section 79 of the civil code.

2. DIVORCE—*Service Procured by Perjury—Setting Aside Decree—Limitation of Actions.* A decree of divorce rendered on service by publication only, and procured by the perjury of the plaintiff in the affidavit for publication, may on proper showing any time within two years from its rendition be opened up and vacated for fraud in its procurement.

Appeal from Jefferson district court; OSCAR RAINES, judge. Opinion filed April 8, 1916. Reversed.

*S. F. Newlon,* of Hiawatha, for the appellant.
*H. N. Casebier,* of Oskaloosa, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an order refusing her application to open up and vacate a decree of divorce.

November 11, 1912, the defendant was by the district court of Jefferson county granted a divorce from the plaintiff. The service was by publication, the affidavit stating that with due diligence the plaintiff was unable to procure personal service within the state, "that the whereabouts of said defendant is unknown to affiant, and that her post-office address can not be ascertained by plaintiff by any means within his control." In January, 1914, the plaintiff filed her petition in the same court to open up the decree, and in March, 1914, filed her amended petition. To this a demurrer was filed, on the ground of failure to state facts sufficient to constitute a cause of action, and sustained.

The plaintiff contends that the court was without jurisdiction to grant the divorce for the reason that no proper affidavit

Bell v. Bell.

for publication was made, such affidavit being insufficient for failure to show diligent inquiry as to the residence of the defendant, citing *Van Gundy v. Shewey*, 90 Kan. 253, 133 Pac. 720. The affidavit there held insufficient failed to show even by inference that diligent inquiry had been made or that the affiant had been unable to learn the place of residence. While the statute (Civ. Code, § 79) requires a statement that the plaintiff has diligently inquired as to the residence, a statement that the address can not be ascertained by the plaintiff by any means within his control carries the inference that diligent inquiry has failed to discover such address, at least an inference sufficient to save such affidavit from total insufficiency.

Plaintiff's petition averred that the decree of divorce was procured by fraud in that she, during all of the time, was living at Fairview in Brown county, where she was a resident in good faith, which was well known to the plaintiff, who falsely and fraudulently and with intent to deceive the court and to cheat and defraud the plaintiff made the false affidavit; that the ground for divorce alleged and sworn to by the plaintiff was false and the decree was procured by the defendant's perjury and deceit, and that the plaintiff had no notice of the proceeding until long after the trial was had. Further, that she had a complete defense to the action and would have appeared and defended had she been duly summoned or had proper notice. She set forth a complete defense, and also a sufficient affirmative ground for divorce.

The defendant takes the position that a decree of divorce can not be opened up for fraud in its procurement unless the proceeding therefor is begun within the six-months period at the close of which the decree becomes absolute. (Civ. Code, § 674.)

In case of an ordinary judgment or decree plaintiff's amended petition would be fully sufficient for the purpose intended. (*Daniel Hill v. Elias Williams*, 6 Kan. 17; *Laithe v. McDonald*, 7 Kan. 254; *Laithe v. McDonald*, 12 Kan. 340; *Fullenwider v. Ewing*, 30 Kan. 15, 1 Pac. 300; *Mulvaney v. Lovejoy*, 37 Kan. 305, 15 Pac. 181; *The State v. Soffietti*, 90 Kan. 742, 136 Pac. 260; *Milling Co. v. Stevens*, 94 Kan. 745, 748, 147 Pac. 815.)

The real question for determination is whether or not a decree of divorce is governed by a different rule on account of

public policy and the consequences involved. *Lewis v. Lewis,*
15 Kan. 181, is relied on. It was there held, after considering
various decisions of other states, that former section 77 of the
civil code (Civ. Code, 1909, § 83), providing for opening up
judgments, did not apply to proceedings for divorce. It was
said to apply only when the judgment had been rendered with-
out other service than by publication in a newspaper, and that
as a copy of the petition and notice had been mailed as required
by section 641 (Civ. Code, 1909, § 666) this must be deemed
a part of the service. It was also said that ofttimes the hard-
ness of an adverse ruling had induced the magnifying of
matters of minor importance. In *Hemphill v. Hemphill,* 38
Kan. 220, 16 Pac. 457, it was decided that section 77 applied
if availed of within the six-months period, and that the filing
of the affidavit that the defendant's whereabouts was un-
known did not amount to service other than by publication in
a newspaper. It was pointed out that since the Lewis decision
section 647 of the civil code had been amended (Civ. Code,
1909, § 674) and its operation enlarged so as to apply to divorce
actions if the proceeding to open up be begun within six months
from the rendition of the judgment. In *Larimer v. Knoyle,*
43 Kan. 338, 23 Pac. 487, it was said (p. 349) that the affi-
davits for publication and in lieu of sending a copy are no
parts of the service itself. Also, that if actual notice were not
received within the six-months period so as to proceed under
section 77 the judgment might be opened up and vacated under
some provision of section 568 of the former code, or by any ac-
tion in the nature of a suit in equity. It is significant that by
the amendment of former section 647 (Civ. Code, 1909, § 674),
it was provided that "no proceeding for reversing or vacating
the judgment or decree divorcing said parties shall be com-
menced unless within six months after the rendition of said
judgment or decree." (Laws 1881, ch. 126, § 1.) This ex-
pression was omitted by the amendment of 1889, and the sec-
tion made to read as it does in the present code. (Laws 1889,
ch. 107, § 6, Civ. Code, 1909, §674.) Hence, since this amend-
ment the only provisions for vacating a decree of divorce, aside
from an ordinary reversal, are those found in sections 596 to
602 of the present code. The question is set at rest, however,
by the decision in *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544,

where it was said (p. 763) that the Lewis decision is supported by some rather artful reasoning because the court was appalled at disastrous social consequences in cases involving a second marriage. It was held that in respect to opening up judgments, "The statute does not make an exception of divorce decrees, or of divorce decrees in case a second marriage occur, and the statute itself is notice of power retained over the decree for a limited time." (p. 763.)

It is stated in the brief of the defendant that he has remarried and a child has been born of the union. But lamentable as the consequences may be to the innocent child and its mother, the right of the plaintiff to clear herself and her child from a stigma still more unjust, if her petition is true, is in no wise impaired.

The statute having provided a way, which the plaintiff has followed, for vacating decrees procured by the fraud of the prevailing party, and having made no exception in favor of a decree of divorce it was error to sustain the demurrer to the amended petition.

The judgment is therefore reversed and the cause remanded for further proceedings.