No. 20,264.

JOHN E. BEAL and MARY L. BEAL, *Appellants,* v. W. O. JONES et al., *Appellees.*

SYLLABUS BY THE COURT.

JUDGMENTS—*Justice of the Peace—No Appeal Taken—Transcript Filed in Another County—Collateral Attack.* After a judgment rendered by a justice of the peace has been taken by transcript to another county it is too late for the judgment debtors to question its validity on the ground that the justice ignored their defense showing that they had been discharged as bankrupts and that the claim which was the basis of the judgment had been scheduled in the bankruptcy proceedings. The plaintiffs' remedy was to appeal from the judgment.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed July 8, 1916. Affirmed.

*O. C. Zwicker,* of Eureka, for the appellants.

*J. M. Pleasant,* of Burlington, and *Robert H. Clogston,* of Eureka, for appellee W. O. Jones.

The opinion of the court was delivered by

PORTER, J.: Plaintiffs brought this action to quiet their title to certain real estate in Greenwood county as against a judgment recovered in an action in which they were defendants before a justice of the peace in Coffey county, a transcript of which judgment was duly filed in the office of the clerk of the district court of Greenwood county. Defendant, the First National Bank of Le Roy, plaintiff in the action before the justice of the peace, filed a disclaimer, having assigned its interest in the judgment to defendant W. O. Jones. The latter

Beal v. Jones.

answered setting up the rendition of the judgment and the proceedings by which the transcript thereof was filed in Greenwood county. The reply alleged that the judgment was void for the reason that prior to its rendition the plaintiffs, who were defendants therein, had been discharged as bankrupts; that the promissory note given to the bank which formed the basis of the claim upon which the judgment was rendered had been scheduled in the bankruptcy proceedings, and that plaintiffs had appeared in the justice court and filed in the action certified copies of the proceedings in bankruptcy showing these facts; also that when the transcript of the judgment was docketed in the district court of Greenwood county they filed a motion pleading their discharge and asking the district court for an order releasing them from all liability on the judgment. The abstract does not state what action was taken by the district court on this motion, but we assume it was denied. The action to quiet title was tried and the court rendered judgment in the defendants' favor for costs, from which this appeal has been taken.

The plaintiffs' only remedy was to appeal from the judgment rendered by the justice of the peace. This action to quiet their title is a collateral attack on the judgment and can not be sustained. There was no lack of jurisdiction either of the subject matter or parties in the action brought by the bank before the justice upon the promissory note. Jones, who was surety on the note, paid the bank and took an assignment of the judgment. If the justice erred in disregarding the defense interposed by the principals on the note, they should have appealed to the district court of Coffey county. Some claims against a bankrupt are not necessarily extinguished by his discharge; and a new promise will revive the right to sue on a discharged claim. In any event the decision of the justice could have been no more than erroneous; and after the judgment had been docketed in Greenwood county it was too late for plaintiffs to question its validity.

The judgment is affirmed.