No. 20,426.

JAMES F. SHEEHY, *Appellant*, v. KATE LEMONS, *Appellee*.

### SYLLABUS BY THE COURT.

FORECLOSURE OF TAX LIEN — *Publication Service — Decree Can Not be Attacked Collaterally*. The grantee of the purchaser at a tax foreclosure sale, under section 9521 of the General Statutes of 1909, brought this action to eject the fee owner who sought to attack the foreclosure decree on the ground that although a resident of this state she was not served with summons and made no appearance. A proper affidavit for publication was made and although the defendant was then a resident of the state such affidavit and the subsequent publication gave the court jurisdiction so that its decree foreclosing the tax lien was not void and could not be successfully attacked at this time in this action.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed December 9, 1916. Reversed.

*Charles T. Meuser,* of Paola, for the appellant.

*Alpheus Lane, M. A. Lane, Ed H. Wilson,* and *Erle H. Wilson,* all of Paola, for the appellee.

The opinion of the court was delivered by

WEST, J.: An action was begun to foreclose a tax lien on the land in controversy, summons was issued to the defendant and returned not served for the reason that the person named therein could not be found in the county. A proper affidavit was made and service by publication followed. Foreclosure

was had and the land was sold. This action was brought to eject the defendant, who answered that at the time the foreclosure action was brought and at all times thereafter she was a resident of Wyandotte county, Kansas, and that such residence could have been easily ascertained as she had relatives living in Miami county; that no summons was served upon her and that she was not in court either personally or by attorney at any time during the pendency of the action. The answer was supported by her testimony, the court ruled in her favor, and the plaintiff appeals.

The question involved is whether or not the defendant could, for the reason suggested, attack collaterally the judgment rendered in the foreclosure case. It is claimed that because no actual service was made upon the defendant the court was without jurisdiction to foreclose the lien, that the judgment was void and she had a right in this action to avail herself of its invalidity. It seems to be conceded that the defendant should have been served personally, but it is argued that not having opened up the judgment by a direct attack she could not do so indirectly or collaterally. The statute provides that:

"If the defendants or either of them are non-residents, service may be made by publication, when there is filed with the clerk an affidavit that such defendants to be served are non-residents of the state, or that the plaintiff with due diligence is unable to make personal service of summons upon said defendant or defendants." (Gen. Stat. 1909, § 9521.)

It is urged that as the defendant was a resident service by publication gave the court no jurisdiction. It has been held that under a similar statute the judgment could not be attacked collaterally for any supposed irregularity which did not affect the jurisdiction of the court. (*Pritchard v. Madren,* 31 Kan. 38, 2 Pac. 691; *English v. Woodman,* 40 Kan. 412, 20 Pac. 262; *McGregor v. Morrow,* 40 Kan. 730, 21 Pac. 157.) In *Williams v. Kiowa County,* 74 Kan. 693, 696, 88 Pac. 70, it was said that the proceeding under the present statute is judicial and follows the course of civil proceedings generally. In *Atchison County v. Challiss,* 65 Kan. 179, 69 Pac. 173, in the course of the opinion it was said: "Nor could service by publication be obtained, because such constructive service is only provided in case of nonresidents of the state" (p. 181), but the question now presented did not arise in that case. Under the authority of *Blair v. Blair,* 96 Kan. 757, 153 Pac.

544, and cases cited, the affidavit and notice by publication gave the court jurisdiction, although as a matter of fact the plaintiff may have been a resident of Kansas, and having jurisdiction the judgment of the trial court in that case can not be held to be void.  In *Davis v. Land Co.*, 76 Kan. 27, 90 Pac. 766, this court refused to follow the decision of another court that a "false affidavit can not confer jurisdiction."  (p. 30. See, also, *Ogden v. Walters*, 12 Kan. 282, 295; *Caldwell v. Bigger*, 76 Kan. 49, 90 Pac. 1095; *Duphorne v. Moore*, 82 Kan. 159, 107 Pac. 791; *Morris v. Robbins*, 83 Kan. 335, 111 Pac. 470; *Bell v. Bell*, 97 Kan. 616, 156 Pac. 778.)

Whatever rights the defendant may have had or may still have under section 83 of the civil code it is impossible to escape the conclusion that in this action brought by the grantee of the purchaser at the foreclosure sale, she can not for the mere reason that she was not personally served in the foreclosure action successfully attack the judgment therein.

The judgment is reversed.