No. 20,818.

JOSEPH M. DEVER, *Appellant*, v. THE EUREKA BANK, *Appellee*.

SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Purchaser Pendente Lite—Purchaser Bound
   by Decree.* One who purchases property *pendente lite* is bound by the
   decree in the pending suit, and that decree is not subject to collateral
   attack at the instigation of the purchaser.

2. SAME — *When Purchaser's Right Must be Asserted — No Collateral
   Attack on Judgment.* Where irregularities occur in a sheriff's sale of
   property which has been subjected to mortgage forclosure, one who
   purchases the interest of the mortgagor in the foreclosure suit after
   the mortgagor as defendant has been served with summons must

make his complaint of such irregularities in the foreclosure suit, and will not be heard to complain thereof by a collateral attack in an independent action against the grantee holding the sheriff's deed pursuant to the mortgage foreclosure sale.

Appeal from Clay district court; FRED R. SMITH, judge, Opinion filed April 7, 1917. Affirmed.

*George L. Davis*, of Clay Center, for the appellant.

*F. L. Williams*, of Clay Center, and *R. P. Kelley*, of Eureka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action by plaintiff to quiet title to property acquired by him, *pendente lite*, and a cross-action by the defendant to quiet title and for possession on a title founded on a sheriff's deed.

The plaintiff claims title and possession of certain fractional town lots in Clay Center by virtue of a deed procured by him from one Paul W. Wolff while the latter was a defendant in a mortgage foreclosure suit brought by one George W. Hanna which sought to subject these lots to the satisfaction of a debt secured thereby. Wolff had been served personally with summons before executing the deed to plaintiff.

The defendant bank was a defendant and cross-petitioner in Hanna's mortgage foreclosure suit and was awarded a lien on the town lots in question subject to the prior lien held by Hanna, and subject also to another lien superior to both but which was not then in controversy.

The property was ordered sold to satisfy Hanna's mortgage, the defendant's lien, and other claims. The defendant bought the property at sheriff's sale. Its bid was $1000 and the sheriff's return so recited. Later the bank filed a motion reciting that its bid of $1000 was a mistake, and that it intended to bid $1917.50, and asked leave to increase its bid, and that the sheriff's return be amended to show a sale of the property at the latter price. This was allowed, the sale confirmed, and a sheriff's deed issued to the bank.

The defendant claims title and the right of possession under the sheriff's deed.

The court gave judgment for the bank, and the plaintiff appeals on the ground that the district court had no authority to permit the bank to raise its bid in purchasing the property at the foreclosure sale, that the court had no power to permit the sheriff to amend his return, and that the decree confirming the sale was void.

The plaintiff purchased the title of Paul W. Wolff *pendente lite*. He stepped into Wolff's shoes, and acquired no better claim to the property nor any better position than Wolff's (Civ. Code, § 86.) He is as much bound by the proceedings in the foreclosure suit as if he were an active participant and litigant therein. (*Bell v. Diesem,* 86 Kan. 364, syl. ¶ 4, 121 Pac. 335.) The proceedings were not void. At most they were irregular, although that point need not be decided. This case amounts to no more than a collateral attack, and as such it can not prevail. (*Paine v. Spratley,* 5 Kan. 525; Anthony v. *Halderman,* 7 Kan. 50; *Wilkins v. Tourtellott,* 42 Kan. 176, 22 Pac. 11; *Bank of Santa Fe v. Haskell County Bank,* 51 Kan. 50, 32 Pac. 627; *Rhodes v. Spears,* 63 Kan. 218, 65 Pac. 228; *Beal v. Jones,* 98 Kan. 582, 158 Pac. 1113; *Sheehy v. Lemons,* 99 Kan. 283, 161 Pac. 662.)

If there was any irregularity in the Hanna foreclosure suit, that case furnished the opportunity for the plaintiff, as Wolff's grantee, to complain. As Wolff's grantee he now invokes the aid of a court of equity but he does not offer to do equity. The defendant has paid its money into court; and the money has been applied to satisfy Hanna's judgment against Wolff, to the satisfaction of defendant's judgment against Wolff, and to the satisfaction of other debts and claims against Wolff, which were also determined in Hanna's suit. Neither in Hanna's case nor here does the plaintiff offer to return that sum or any part of it. While these reasons do not include all that might be said on this unusual but simple case, they will serve to show that the judgment of the district court was correct.

Affirmed.