No. 21,718.

MARY HARVEY, ELIZA E. COEN and JAMES N. DYSON, *Appellants*, v. PETER B. DOLAN, *Appellee.*

### SYLLABUS BY THE COURT.

ACTION TO SET ASIDE JUDGMENT—*Fraud—Statute of Limitations.* An action to set aside a judgment for fraud practiced by the successful party in obtaining it must be brought within two years, unless the plaintiff is under some disability.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed November 9, 1918. Affirmed.

*Harry Warren,* of Fort Scott, *C. W. Meyer,* and *W. E. Reese,* both of St. Joseph, Mo., for the appellants.

*H. A. Pritchard,* and *Hubert Lardner,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiffs appeal from an adverse judgment in an action to open up a decree in a former suit to quiet title to the real estate involved, to recover possession, and for rents and profits.

Emma Dolan died intestate in 1910 owning the land in controversy and leaving as her only heirs her husband, the defendant, and Fred Myers, her son by a former marriage. In 1911 the defendant sued to quiet title, making Fred Myers defendant, if living, and if dead, the unknown heirs, executors, administrators, devisees, trustees and assigns. Proper service by publication was made, and on May 10, 1911, he took a decree finding that he and his immediate grantors had been in the actual, open, notorious, peaceable, and adverse possession for more than fifteen years, barring all the defendants, and quieting the title in him. On June 15, 1917, this action was brought by the plaintiffs, alleging that their nephew, Fred Myers, died on or about December 1, 1912, intestate, unmarried and without issue, leaving them as his only heirs; that in his petition to quiet title Peter Dolan made certain false and fraudulent allegations touching his possession of the land, knowing that Fred Underwood was his tenant in common, and that by this and

other false testimony he imposed on the court; and that he made 'false statements in his affidavit for publication. Partition and rents and profits were also sought. To this pleading the answer, among other things, set up the statute of limitations. While the decree quieting the title found fifteen years' adverse possession, there was no allegation of such possession in the petition, neither is there anything to show that the plaintiff testified falsely, or at all, on the trial, or that any false. statement was made in the affidavit for publication which was made, not by the plaintiff, but by his attorney. A motion by the defendant for judgment on the pleadings was sustained on the ground that the proceeding was barred by sections 596 and 597 of the civil code, because not brought within two years after the judgment was rendered. This was an attempt by a separate subsequent action to appeal to the equitable powers of the court to set aside a judgment; but, save in cases in which the judgments complained of were rendered without jurisdiction, courts do not have inherent power to vacate at any time. (*Garrett v. Minard,* 82 Kan. 338, 108 Pac. 80; *Blair v. Blair,* 96 Kan. 757, 153 Pac. 544; *Bell v. Bell,* 97 Kan. 616, 156 Pac. 778; *Sheehy v. Lemons,* 99 Kan. 283, 161 Pac. 662.)

The ground here laid is fraud practiced by the prevailing party—not such fraud as left the court without jurisdiction to render the judgment, but such as to justify its vacation. But this very situation has been provided for by the code, which prescribes that proceedings to set aside a judgment for this reason must be brought within two years after the judgment was rendered, unless the plaintiff is under some disability. (Civ. Code, §§ 596, 597.) Section 600 requires that proceedings to vacate a judgment on this ground shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate, and the defense to the action. These requirements were followed by the plaintiffs, and likewise must the other prerequisite be observed—to sue within two years. This they failed to do.

It is insisted, however, that because the husband and the stepson were tenants in common, the former could not rightfully proceed as he did. But on the theory that he did not know whether Fred Myers was living or not and had no information to direct how to serve him personally, he did about the

only possible thing by way of an attempt to bring him into court, and had Myers been actually served or cognizant of the proceeding so that he could have appeared and set up his interest in the land, such interest would doubtless have been preserved. The petition in the original case, in effect, asked that he set up whatever rights he claimed, and the fact that he was not personally served does not appear to have been the fault of Peter Dolan, who cannot be justly charged with having concealed from the court that his stepson was a cotenant when, as would seem from his attorney's affidavit for publication, he did not even know that he was alive.

The misfortune of the plaintiffs, that they failed to learn of the decree until some six years after its rendition, cannot operate to extend the running of the statute beyond the period fixed by the legislature. Had the plaintiffs come into court within the statutory period, the matters of cotenancy and adverse possession argued by counsel would have been proper for consideration, but the time for such consideration has passed.

The judgment is affirmed.