No. 38,156

VIOLA BILLINGS, *Appellant,* v. HEYWOOD BILLINGS, *Appellee.*

(228 P. 2d 518)

Opinion filed March 10, 1951.

*David W. Carson,* of Kansas City, and *Nelson E. Johnson,* of Kansas City, Missouri, argued the cause, and *George V. Aylward,* of Kansas City, Missouri, was with them on the briefs for the appellant.

*Herbert L. Lodge,* of Olathe, argued the cause, and *Roscoe C. Van Valkenburgh,* of Kansas City, Missouri, and *Howard E. Payne,* of Olathe, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of the disposition of property rights in a divorce action.

The primary question concerns the power of the lower court to vacate or modify its former decree in an action for separate maintenance and to make a different disposition of the property of the parties in a subsequent divorce action. The appellant wife was plaintiff in both actions and here the parties will be referred to as in the court below.

The factual background of the controversy, sufficient for our purposes, is in substance as follows:

The parties were married in 1936 and separated in 1946. On

August 30, 1946, plaintiff filed an action for separate maintenance in which she sought the care and custody of their two minor children, alimony, suit money, attorney fees, that a cafe owned by the parties and located in Kansas City, Mo., be set off to her as her separate property, and that defendant be required to render an accounting of the profits of such business. A summons, the answer date in which was September 20, 1946, was duly issued and served on defendant on the same date the action was filed. On September 17, 1946, defendant signed an entry of appearance and waiver of summons, in which he consented to an immediate trial. This was filed on September 18, 1946.

On September 19, 1946, the action came on regularly for hearing. The plaintiff appeared in person and by her counsel. The defendant did not appear either in person or by counsel. The court, after hearing the evidence, found that plaintiff was entitled to a decree of separate maintenance; that the parties had settled their property rights, and that plaintiff was entitled to the Johnson County residence of the parties, including the household furniture and equipment, an automobile, savings bonds, jewelry and other personal property owned by the parties, and the cafe located in Kansas City, Mo. By the decree defendant was given the right to conduct the cafe business and to receive from the income thereof $500 per month for his services as manager, with the further provision that out of such sum he was to pay $300 per month for the support of plaintiff and the two minor children, and that all profits over and above the operating expenses and said sum of $500 per month be paid to plaintiff. The decree awarded the care, custody and control of the minor children to plaintiff, and provided for payment of attorney fees by defendant.

In this connection it should be stated that the court's decree, with reference to property rights, was based on a written stipulation entered into by the parties under date of September 10, 1946.

Following the rendition of this decree it appears that defendant made the $300 monthly payments provided therein, but did not account to plaintiff or pay her anything further from the profits of the cafe business which he continued to operate and manage.

On May 20, 1947, defendant joined with his wife in executing a warranty deed by which the residence property, which had been awarded to plaintiff by the decree, was conveyed. It appears that plaintiff retained the net proceeds of this sale.

On August 29, 1947, plaintiff filed the instant action for divorce, seeking care and custody of the minor children and a confirmation of the separate maintenance decree previously entered on September 19, 1946.

On April 30, 1948, the defendant filed a divorce action against plaintiff in Jackson County, Missouri. To this action plaintiff filed a general denial and cross-petition, praying a decree vesting the title to the cafe in her, on the basis of the award previously entered in the separate maintenance action in Kansas, and for an accounting of the profits of the business. Defendant then dismissed his action for divorce. No further proceedings on the cross-petition were had.

On October 14, 1948, defendant husband, by leave of court, filed an answer and cross-petition in the instant action in which he prayed for a divorce and charged that the decree of separate maintenance and the stipulation of September 10, 1946, were fraudulently procured and constituted a fraud upon the court. The substance of his allegations was that on September 3, 1946, he and plaintiff had entered into a written agreement concerning their property rights, the substance of such agreement being that plaintiff should have all of the property belonging to them, with the exception of the cafe business, and that he was to pay plaintiff $300 per month for the support of herself and their minor children, but that plaintiff fraudulently induced him to enter into the written stipulation of September 10, 1946, as a "protective measure" for their minor children on account of the threat of an action for alienation of affections which plaintiff advised him was to be filed immediately by the husband of another woman with whom defendant had been keeping company. It was further alleged this so-called second stipulation of September 10, 1946, was intended by both parties to be a "temporary" measure; that it would be cancelled and of no effect as soon as the threat of the alienation of affections suit had passed; that it was not to be submitted to any court as being the agreement of the parties so as to form a basis for any disposition of their property rights, and that the submission of it to the court in the separate maintenance action without notice to defendant was a fraud on the court and defendant.

Defendant further alleged that he had no knowledge of plaintiff's having filed this stipulation with the court and procuring the separate maintenance decree until on or about August 28, 1947, and his prayer was for a decree of divorce from plaintiff, that the decree

in the separate maintenance action be vacated and set aside by reason of the fraud on the part of plaintiff, or that in the alternative the decree be reformed and modified so as to set off the cafe to him. Copies of both stipulations were attached to his answer and cross-petition as exhibits.

On March 28, 1950, plaintiff, by leave of court, filed her reply in which she denied defendant's charges of fraud in connection with the written stipulation of September 10, 1946, and in securing the decree in the separate maintenance action. She further alleged that defendant's attempt to set aside such former decree was barred by the statute of limitations; that he was guilty of laches, and was estopped to attack its validity.

The cause came on for hearing on March 30, 1950, and each of the parties introduced considerable evidence with reference to the circumstances surrounding the execution of the stipulation of September 10, 1946, and subsequent conduct of the parties, all of which is immaterial for our purposes in this appeal.

The court granted a decree of divorce to plaintiff, awarded her the custody of the two minor children, but vacated and set aside the decree in the separate maintenance action rendered September 19, 1946, on the ground it was void because of the fraud of both parties. It further denied plaintiff any alimony, awarded defendant as his sole and separate property the cafe heretofore referred to, made disposition of certain life insurance policies, not here important, and ordered defendant to pay $300 per month for the support and maintenance of the minor children, together with attorney fees for plaintiff's counsel.

Plaintiff's motion for a new trial being overruled, she has appealed, and, while she alleges six specifications of error, her real complaint is that the lower court erred (1) in refusing to confirm and in vacating and setting aside the former decree entered in the separate maintenance action, (2) in awarding to defendant as his sole and separate property the cafe located in Kansas City, Mo., and (3) in denying plaintiff permanent alimony.

It will be seen that the material difference between the two stipulations is that under the first one defendant was to retain the cafe and all other property was to be set off to plaintiff, whereas under the second plaintiff was to receive all property of the parties, including the cafe, and as we read the record the ownership of this cafe appears to be the principal dispute between the parties.

In our consideration of this case the first question concerns the power and authority of the lower court to vacate and set aside the judgment in the separate maintenance action entered September 19, 1946. It will be recalled that defendant took no action to have that done until October 14, 1948, at which time he filed his answer and cross-petition in the divorce action, alleging fraud on the part of plaintiff in obtaining the decree, and plaintiff argues that under G. S. 1935, 60-3007 and 3008, he is barred. The applicable portions of those provisions are that the district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made on account of fraud practiced by the successful party in obtaining the judgment or order, and that such proceeding to vacate or modify must be commenced within two years after the judgment was rendered or the order made. It is further argued that under G. S. 1935, 60-3011, the proceeding to vacate or modify must be by petition, followed by the issuance and service of a summons as in the commencement of an ordinary action.

On the other hand, defendant contends that his is an action for relief on the ground of fraud under G. S. 1935, 60-306 [Third], that the cause of action did not accrue until his discovery of the fraud, which he alleges to be on or about August 28, 1947, and his cross-petition having been filed on October 14, 1948, he is not barred.

Counsel for both sides have cited a number of decisions dealing with fraud, both intrinsic and extrinsic, and proceedings to vacate and modify judgments as well as independent actions brought on account of alleged fraud, among them being *Harvey v. Dolan,* 103 Kan. 717, 176 Pac. 134; *Huls v. Gafford Lumber & Grain Co.,* 120 Kan. 209, 243 Pac. 306; *Putnam v. Putnam,* 126 Kan. 479, 268 Pac. 797; *Hardesty v. Hardesty,* 150 Kan. 271, 92 P. 2d 49; *Stafford v. Stafford,* 163 Kan. 162, 181 P. 2d 491; and *Prideaux v. Prideaux,* 169 Kan. 644, 220 P. 2d 538; but in our opinion a detailed analysis of them would serve no useful purpose in this case. Boiled down to its very essence, and, without going into the question whether defendant has brought his action in the proper form and manner, the fact remains that by his cross-petition he sought to vacate the judgment and decree rendered in the separate maintenance action on the ground of fraud practiced by plaintiff in obtaining the judgment, and in our opinion thus brings himself squarely within the

provisions of sections 60-3007 and 3008, *supra*. His proceeding, even if otherwise properly brought, was not commenced until more than two years after the rendition of that judgment and therefore was not brought within the time provided by section 3008, *supra*. It therefore follows the lower court had no power or authority to vacate or modify that judgment. In *Hinshaw v. Hinshaw*, 166 Kan. 481, 203 P. 2d 201, it was held:

"Except in the case of a void judgment (G. S. 1935, 60-3009) or one falling within the provisions of G. S. 1935, 60-3007, the district court is powerless to modify or vacate a judgment after the expiration of the term in which it was rendered." (Syl. 1.)

Our disposition of this case renders it unnecessary to discuss the evidence pertaining to the alleged fraud practiced by plaintiff, the dealings and relationship of the parties during this protracted litigation over their marital difficulties, and neither is it necessary to comment upon the findings of the lower court relative to such alleged fraud.

The court had a continuing jurisdiction over the custody and support of the minor children. In the divorce action the court also had power to make any proper disposition of property not specifically covered by and included in its former decree in the separate maintenance action, but for the reasons stated it did not have the power or authority to vacate or modify the terms of that decree. However, since there can be no doubt but that the court's orders as to property rights in the divorce decree were made on the theory that it possessed the power to vacate and modify the previous decree, out of fairness to the trial court and the litigants we think this case should be remanded, so as to give the court a further opportunity to adjudicate such property rights not specifically covered by the separate maintenance decree of September 19, 1946, as may exist between the parties.

It therefore follows that the judgment of the lower court is reversed with directions to adjudicate the property rights of the parties in harmony with this opinion.