GARFIELD TOWNSHIP, FINNEY COUNTY, v. GEORGE
THEIS, JR.

**No. 331.**   (59 Pac. 42.)

PRACTICE, COURTS OF APPEALS—*Service of Summons in Error.*
In proceedings in error, service of summons in error may be made
upon the defendant in error or upon his attorney of record in the
original case, but such service must be made as in the commence-
ment of an action, by delivering a copy of the summons in error to
the defendant in error or his attorney of record personally or by
leaving one at the usual place of residence of the party served.

Error from Finney district court; WM. EASTON
HUTCHISON, judge.   Opinion filed November 21, 1899.
Dismissed.

*Milton Brown*, for plaintiff in error.

*H. F. Mason*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : Consideration of this case is chal-
lenged by motion to dismiss, for the reason that the
summons in error was not served as required by law.
A summons in error was issued and served upon the
defendant in error by reading it to him.   No copy of
the summons was left with him, and no waiver of
summons or entry of general appearance has been
made.   Upon the hearing of the case, the plaintiff in
error attempts to cure the defect by filing the follow-
ing affidavit (omitting title) :

"Application and affidavit to supplement the sheriff's return upon
the summons in error.

"Comes now Mike Shrugrue, sheriff of Clark
county, in the state of Kansas, and being first duly
sworn, deposes and says that he is now, and has been
for more than one year last past, the duly elected,
qualified and acting sheriff of Clark county, Kansas ;

Garfield Township v. Theis.

and that he is the sheriff that served the summons in error in the above entitled-action upon the above-named defendant in error, George Theis, jr., and that he served said writ upon said Theis by reading said summons in error to said Theis, as shown by his original return on said writ; and the affiant further shows that at the time of the service aforesaid, after the affiant had read said writ to said Theis, that the said Theis then and there took said writ into his own hands and read it and returned it to the affiant without demanding a copy thereof; that subsequently, when this affiant's attention was called to the fact that he had not given said Theis a copy of the writ, that affiant spoke to said Theis about it, and he, the said Theis, said he would fix it up, or fix it all right, or words to that effect; and further affiant saith not. So help me God.

MIKE SHRUGRUE.

"Subscribed and sworn to before me at my office in Ashland, in Clark county, Kansas, this 27th day of September, A. D. 1899.

J. M. GRASHAM, *Notary Public.*
(My commission expires October 4, 1902.)"

This is not sufficient to give this court jurisdiction. Section 13, chapter 83, General Statutes of 1897 (Gen. Stat. 1899, § 4837), requires a summons in error to be served " as in the commencement of an action." The statute regarding the service of the summons in the commencement of the action (Gen. Stat. 1897, ch. 95, § 63; Gen. Stat. 1899, § 4310) requires service to be made "by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence." Section 13, *supra*, provides that " service on the attorney of record in the original action shall be sufficient," but it must be in the manner prescribed by section 63, *supra*. The objection is technical, but the law is explicit and we must follow it. More than sixty days in excess of one year having elapsed since the rendition of the judgment of the

district court, it is now too late for this court to acquire jurisdiction, over the objection of the defendant in error.

The motion to dismiss is sustained.