The Board of County Commissioners of Atchison
County v. Mary A. Challiss *et al.*

No. 12,958.    ( 69 Pac. 173.)

SYLLABUS BY THE COURT.

Practice, District Court — *Tax Foreclosure Proceedings—
Service of Summons.*  By the language, "thereupon a sum-
mons shall be issued as in other cases, and served upon the defend-
ants personally, if residents of the state," employed in section 1,
chapter 392, Laws of 1901 (Gen. Stat. 1901, § 7718), reference is
had to personal service upon resident defendants as contradis-
tinguished from constructive service by publication against non-
resident defendants.  Service by leaving a copy of the summons
at the usual place of residence of a defendant is personal service,
within the meaning and intent of the act, and valid.

Error from Atchison district court; W. T. Bland,
judge.  Opinion filed June 7, 1902.  Reversed.

*W. P. Waggener*, county attorney, for plaintiff in
error.

*J. M. Challiss*, for defendants in error.

The opinion of the court was delivered by

Pollock, J. : This action was brought by the county
board of Atchison county against Mary A. Challiss,
the owner of a city lot in Atchison, her husband, and
all parties in interest in such lot, under the provisions
of chapter 392, Laws of 1901 ( Gen. Stat. 1901, §§ 7718–
7724 ), to obtain a determination of the amount of
unpaid taxes existing against said lot, to have the
amount so determined decreed a first lien thereon,
and an order of sale in satisfaction thereof.

At the date of the commencement of the action
Mary A. Challiss and her husband were citizens and
residents of the county of Atchison, but were tempo-
rarily absent from the state.  A summons was issued

and served by leaving a copy at their usual place of residence in the city of Atchison. A motion to quash this service was made by defendants, and sustained by the trial court, upon the ground that the statute requires service to be made in person, and that service by leaving a copy of the writ at the usual place of residence of the defendants did not meet the requirements of the act. From the order sustaining this motion and quashing the service made, the county board brings error.

The determination of this case depends upon the construction of that portion of section 1 of said act (Gen. Stat. 1901, § 7718) which provides for notice of the pendency of the action to be given resident defendants, which reads as follows : ''Thereupon a summons shall be issued as in other cases, and served upon the defendants personally, if residents of the state.''

Counsel for plaintiff in error contends that this provision for personal service of summons upon resident defendants is, in legal contemplation, only such personal service as is permitted in other actions under the code; that the language employed in the act is used for the purpose of contradistinguishing the personal service required to be made upon residents from constructive service by publication against non-residents, and that the service had in this case fulfils the requirement of the law. The trial court held that service by leaving a copy of the summons at the usual place of residence was not a compliance with the terms of the act.

We agree with the contention of counsel for plaintiff in error. It clearly was not the intention of the legislature by the language employed to preclude from the operation of the act defendant citizens and resi-

dents of the state, temporarily absent therefrom.  Yet such would be its effect if it should be held that the personal service required is service upon the defendant in person, for such personal service, in the nature of things, could not be made outside the state, nor could service by publication be obtained, because such constructive service is only provided in case of nonresidents of the state.  Section 64 of the civil code (Gen. Stat. 1901, § 4494) provides for personal service of summons in actions and proceedings in the following language :

"The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return-day."

Upon such service a personal judgment may be rendered.  In the case at bar no personal judgment is obtainable.  The proceeding is one *in rem* against the property.  This act, like all others, must receive a reasonable construction and such as will carry out the manifest intent of the legislature.  ( *Reyburn v. Brackett and Bassett*, 2 Kan. 227, 83 Am. Dec. 457 ; *The State v. Bancroft*, 22 id. 170 ; *Life Association v. Boyer*, 62 id. 31, 61 Pac. 387 ; *Collins v. New Hampshire*, 171 U. S. 30, 18 Sup. Ct. 768, 43 L. Ed. 60.)

Mr. Alderson, in his work on Judicial Rights and Process, at page 179, says :

"'Personally served,' as used in the statute, means personal service as distinguished from service by publication.  In this sense, service by leaving copy of the writ at the residence of the defendant is personal service as much as reading the summons to him."

In the case of *Dunkle et al. v. Elston et al.*, 71 Ind. 585, it was held :

"'Personally served,' as used in section 315 of the code, as amended by the act of March 6, 1877, has

reference to personal service as distinguished from service by publication, and service by copy left at the last usual place of residence is personal service within the meaning of the statute."

In the opinion it was said:

"It is further objected that the service of the summons on two of the defendants was by copy, which it is complained is not personal service in accordance with the requirement of the proviso quoted *supra*. We hold that the phrase 'personally served,' as used in this act, has reference to personal service as distinguished from publication, and in this sense service by copy left at the last and usual place of residence is personal service, as well as service by reading to the party."

We are of the opinion the provision for personal service upon resident defendants contained in the act is in legal effect the same as though it provided, "thereupon a summons shall be issued and served as in other cases upon the defendants, if residents of the state."

It follows that the service made by the sheriff in leaving a copy of the summons at the usual place of residence of the defendants Challiss fulfilled the spirit and intent of the act, and was sufficient personal service to meet the requirements of the law. The order sustaining the motion and quashing the service made is erroneous and must be reversed.

SMITH, GREENE, JJ., concurring.