O. L. THISLER, *Appellee*, v. E. C. LITTLE, *Appellant*.

No. 17,805.

SYLLABUS BY THE COURT.

1. APPEAL—*When Perfected.* An appeal is perfected by proper
   service of the notice and filing proof thereof with the clerk of
   the trial court.

2. ———— *Notice—When Personal Service Required.* When the
   appellee and his attorney of record reside in this state the
   service must be made in the same manner as service of sum-
   mons unless service be waived or acknowledged. Mailing a
   duplicate notice to the appellee and to his attorney of record
   and filing proof thereof are not sufficient.

Appeal from Dickinson district court. Opinion filed
March 9, 1912. Motion to dismiss appeal sustained.

*E. C. Little,* for the appellant.

*O. L. Moore,* and *H. L. Humphrey,* for the appellee.

The opinion of the court was delivered by

WEST, J.: This is a motion to dismiss the appeal.
Judgment was rendered December 2, 1910; copy of the
notice of appeal and affidavit of service certified by the
clerk of the district court were filed in this court August
21, 1911. The motion is upon the grounds that no

notice of appeal has been served upon the appellee or upon either of his attorneys of record as required by law, that no proof of service as required by law has been filed with the district clerk, and that this court is without jurisdiction. It appears by affidavit that on January 3, 1911, a duplicate notice of appeal, properly stamped and directed, was mailed to the appellee at his post-office address, Chapman, Kan., and to his attorney of record to his post-office address, Abilene, Kan. The statute provides that appeals shall be taken by notice filed with the clerk of the trial court and that a copy of such notice must be "personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record; or, if such service can not be made within the state, service may be made by a notice, properly addressed to such persons or their attorneys of record at their places of residence, deposited in the mail, if their places of residence are known. Proof of such service shall be made by affidavit, and in case the residence of the party and his attorney is not known, an affidavit of the appellant or his attorney may be attached to the notice filed with the clerk, stating that the residence of such party and his attorney is unknown, and that the appellant is unable to ascertain the same; and thereupon the appeal shall be deemed to be perfected." (Civ. Code, § 569.) That the last clause quoted means what it says was decided in *Schmuck v. Railway Co.*, 85 Kan. 447, 116 Pac. 818, holding that an appeal is so far perfected as to give this court jurisdiction when notice with proof of service has been filed with the clerk of the trial court.

"No appeal can be taken until notice and proof thereof have been filed with the clerk of the trial court." (*Fisher v. Spillman,* 85 Kan. 552, 555, 118 Pac. 65.)

"An appeal is not perfected until service of notice thereof. (*Pratt v. The Western Stage Co.*, 26 Iowa, 241, syl. ¶ 2.)" (*Powell v. Bradley,* ante, p. 198, 201, 119 Pac. 543.)

The requirement is plain that as to parties within the state personal service must be had. Service by mail is permitted only when the appellee and his attorney of record can not be served within the state and when their places of residence are known. If personal service can not be made within the state and the residence is unknown, then instead of service of any kind an affidavit is permitted stating that the residence is unknown and that the appellant is unable to ascertain it. Here the appellee and his attorney of record resided in Kansas and their places of residence were known to the appellant. In this situation what is meant by "personally served"?

"The term 'personal service' has a fixed and definite meaning in law. It is service by delivery of the writ to the defendant personally. Other modes of service may be given the force of such service by legislative enactment, but the use of the words 'personal service,' unqualifiedly, in a statute, means actual service by delivering to a person and not to a proxy." (6 Words and Ph. Jud. Def. p. 5363.)

In *Westfall v. Farwell et al.,* 13 Wis. 504, it was held that a statute requiring that a notice of protest be forwarded by mail whenever the indorser resided more than two miles from the notary's residence, and requiring the notary to "personally serve" the notice within two miles, was satisfied by leaving it at the usual place of the indorser's residence, which was within the two-mile limit. In *Adams v. Wright,* 14 Wis. 408, it was held that in the same statute the words "personally serve" were used in contradistinction to service by mail. In *Rhode Island Hospital Trust Co. v. Keeley,* 1 N. Dak. 411, 48 N. W. 341, the summons and complaint were mailed to the defendant and taken from the post office by her husband and delivered to her in a sealed envelope. This was held not to be personal service under a statute permitting personal service without the state

as a substitute for publication and deposit in the post office. In the opinion it was said:

"This was not personal service of the summons without the state, within the meaning of the statute, which permits such service as a substitute for publication and deposit in the post office. It was not personal service in any sense. It was but the completion of the transportation of the envelope and its contents by mail. Her husband did not pretend to, nor did he in fact, serve upon her any paper. He merely brought her her mail. The sealed envelope might with no different effect upon her rights have been handed to her by a letter carrier, or by some one at the post office. It was not contended that the papers were personally served upon defendant, in the strict sense of the term. But it was urged that the statute providing for such service did not contemplate the same kind of service as is requisite where a personal judgment is sought to be obtained against a defendant by service of a summons within the state; that the main, and only important, purpose of the statute was to give the defendant notice of a suit in which jurisdiction of his property had already been secured by the issuance and levy of an attachment; and that the receipt of the summons and complaint by mail gave her such notice. . . . The phrase 'personal service' has a clear meaning, and when employed to designate the manner of service without the state, it should have the same significance as when used to prescribe the mode of service within the state." (pp. 413, 415.)

Section 9521 of the General Statutes of 1909 provides that in actions for delinquent taxes summons shall be served personally upon the defendants if residents of the state; if not, then by publication. It was held in *Atchison County v. Challiss*, 65 Kan. 179, 69 Pac. 173, that service by leaving a copy at the usual place of residence was sufficient, the reference to personal service being used as contradistinguished from constructive service by publication. It was pointed out that under such service of summons in an ordinary civil action a personal judgment could be had—the code providing that "the service shall be by delivering a copy of the summons to the defendant personally, or by leav-

ing one at his usual place of residence, at any time before the return-day." (Civ. Code, § 64, Gen. Stat. 1901, § 4494, Code 1909, § 65.) An acknowledgment on the back of a summons is equivalent to service. (Civ. Code, § 68.) Section 558 provides that notice of a motion must be served within a reasonable time before hearing. Section 560 provides that service of a notice may be by copy served in any manner in which a summons may be served, and may be served without the state. In *Taylor v. Woodbury*, ante, p. 236, 120 Pac. 367, notice of a motion to open a judgment was sent by registered mail to the attorney of record whose signature on the return card acknowledged its receipt, and this was held to be *prima facie* proof of service. It was said:

"We think that service of a motion made in this way is not objectionable and ought to be upheld; it is a substantial compliance with all the requirements of the code and furnishes its own proof of the fact and character of service." (p. 237.)

But we have no similar showing here. The fact that duplicates were mailed to the appellee and his attorney of record is proof that they were started on their journey but not that they were personally served. The legislature has full power to prescribe the manner and proof of service and strict compliance is usually required. (*Branner v. Chapman*, 11 Kan. 118; *Mickel v. Hicks*, 19 Kan. 578; *Flint v. Noyes*, 27 Kan. 351; *Kincaid v. Frog*, 49 Kan. 766, 31 Pac. 704; *Adams v. Baldwin*, 49 Kan. 781, 31 Pac. 681.) In *Toof v. Cragun*, 53 Kan. 139, 35 Pac. 829, it was held that unless a party brings himself within the requirements of the statute he is not entitled to a review. In the opinion it was said:

"A review in an appellate court is not a natural and inherent right, but only exists by authority of law. The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings

himself within the requirements of the statute he is not entitled to a review." (p. 141.)

In *Garfield Township v. Theis,* 9 Kan. App. 770, 59 Pac. 42, the requirement of the former code that a summons in error be served "as in the commencement of an action" (p. 771) was held jurisdictional, and the reading by the sheriff of the summons in error to the defendant who " 'then and there took said writ into his own hands and read it and returned it to the affiant (sheriff) without demanding a copy thereof; that subsequently, when this affiant's attention was called to the fact that he had not given said Theis a copy of the writ, that affiant spoke to said Theis about it, and he, the said Theis, said he would fix it up, or fix it all right, or words to that effect' " (p. 771), was held insufficient. An affidavit of the appellant February 1, 1912, states that immediately prior to January 3, 1911, the appellee came to his office "and that then and there he personally served notice on said Thisler of the appeal in this action," but we understood on the argument that this was a mere verbal notification. At any rate the affidavit, which is denied by the appellee, was not filed until long after the time for perfecting the appeal had expired. An affidavit by a stenographer was made January 26, 1912, to the effect that the notices were mailed and the letters were not returned. This was too late, and also insufficient to show personal service.

We hold that when service can be made upon the appellee or his attorney of record within the state it must be made in the same manner as the service of a summons, unless service be waived or acknowledged. Such service and proof thereof not having been made, the appeal is dismissed.