**McGRUDER'S UNKNOWN HEIRS et al. v. STATE.**

No. 2569.

Court of Civil Appeals of Texas. Beaumont.

Feb. 1, 1934.

Llewellyn & Dougherty, of Liberty, for appellants.

H. A. Maynard and Chap. B. Cain, both of Liberty, for the State.

COMBS, Justice.

This suit is for the recovery of delinquent taxes, penalties, and interest due the state and county and two common school districts on 54 acres of land in Liberty county. There is no dispute as to the amount of taxes delinquent and unpaid. They are for the years 1915, 1916, 1919, 1920, 1923, 1924, 1925, 1926, 1927, 1928, 1929, 1930, 1931, and 1932. The suit was tried in the district court of Liberty county on July 19, 1933, and resulted in a judgment for $326.39 for taxes delinquent and unpaid, plus a penalty of 1 per cent.

Appellants make two contentions:

First, that the Legislature, by the enactment of Senate Bill No. 262, Acts of the 43d Legislature, chapter 169, p. 521 (Vernon's Ann. Civ. St. art. 7336b), gave to all persons owing delinquent taxes which accrued prior to February 1, 1933, the option of paying said taxes in installments, provided payments were begun prior to September 30, 1933; that the effect of the act is to allow delinquent taxpayers until September 30, 1933, to avail themselves of the installment provisions; and that, therefore, the rendition of the judgment of the court in this case for a lump sum on July 19, 1933, before said option period expired, had the effect of depriving appellants of their rights to the benefits of said provisions of the act.

Second, that said act gave to appellants and all persons similarly situated an extension of

520

time to September 30, 1933, within which to pay or begin the payment of delinquent taxes which became delinquent prior to February 1, 1933, with the penalty of 1 per cent., with additional periods of time for payment of delinquent taxes with increased penalties until January 30, 1934; that the effect of such provisions is to create a moratorium in the filing of suits for the collection of delinquent taxes until after June 30, 1934; and that consequently this suit was prematurely brought.

These matters were raised in the trial court by plea in abatement which the trial court overruled, and judgment was rendered for the full amount of the taxes, interest, and penalties, as above mentioned.

■ Appellants' first contention to the effect that the judgment is erroneous because it deprives the appellants of their right to avail themselves of the installment provisions of the act is without merit. Section 2 of the act provides, in substance, among other things, that the delinquent taxpayer shall be allowed to pay his taxes in installments by tendering 20 per cent. of the amount due on or before September 30, 1933, and filing an affidavit of inability to pay the total amount due. The balance may be paid in installments from time to time by paying the installment and filing the affidavit of inability to pay the total due; the last installment, by the terms of the act, maturing December 31, 1935. It will be noted that the provision for installment payment set forth in said section 2 does not apply to state and county taxes, but has reference only to taxes delinquent and owing to the subdivisions enumerated in said section. And, further, said provisions do not apply unless and until the governing body of such subdivision adopts and records a resolution or ordinance formally accepting the provisions of said section.

We think that the constitutionality of these installment provisions is open to serious question. But it is not necessary to here decide that question, for the reason that there is no showing that the subdivisions for whose benefit the judgment for delinquent taxes due them was rendered in this case have formally accepted said provisions.

■■ Point 2 above mentioned is not well taken. We do not think it was the intention of the Legislature, in the enactment of the act in question, to declare any moratorium in the filing of tax suits. The act does not so provide, nor do we think such intent should be read into it by implication. As said by Chief Justice Cureton of the Supreme Court, in Jones v. Williams, 121 Tex. 94, 45 S.W.(2d)

130, 131, 79 A. L. R. 983: "Exemptions from taxation are regarded not only as in derogation of sovereign authority, but of common right as well. They must be strictly construed, and not extended beyond the express requirements of the language used, not only as to the meaning of statutes granting exemptions, but as to the power of the Legislature to enact them."

The Constitution of Texas, art. 8, § 1, provides, in substance, that taxation shall be equal and uniform and that all property shall be taxed in proportion to its value. It is also provided in section 13 of said article that the Legislature shall make provision for the enforcement of the collection of taxes every year by sale of lands and other property on which taxes are due. These provisions of the Constitution evidence a sound governmental policy, resting in the highest natural right, that property owners shall pay for the support of the government which gives protection and security to their property in proportion to the amount and value of the property owned by them. It is to insure equality in this respect that the Constitution requires that property shall be valued for taxation in proportion to its fair value, and our courts have been prompt to protect the citizens against wrongful discrimination in the valuation of their property. But it is evident that the citizens' protection against discrimination is not secured alone by insuring that their property shall be assessed for taxation fairly and uniformly. It is also necessary that so far as reasonably possible there shall be uniformity of tax payment by those against whom the taxes are assessed.

The ever-increasing millions of delinquent taxes due the state, counties, cities, school districts, and other subdivisions, which in many instances far exceed the total tax assessed for an entire year, indicates that those charged with the duty of enforcing the payment of taxes have been most lenient, to say the least of it, in the filing and prosecution of suits for the collection of delinquent taxes. The failure to file and prosecute tax suits more generally than has been the custom during the last few years is due in part, no doubt, to a realization that many citizens who owed delinquent taxes, and who would have gladly paid them, simply could not do so because of stress of the economic depression. But such forbearance, no matter how well intentioned, may easily become the means of gross injustice to that class of property owners who do regularly pay their taxes. For, since the government must derive from the taxes levied the funds upon which it is to operate, and

since it is essential that the governmental agencies continue to function, it is but natural that the taxing authorities take into consideration when making the tax levy the probable amount of delinquency and thus increase the rate levied, with the result that the burden of taxation escaped, at least for the time, by those who do not pay, is shifted to the citizens who do pay; and when, through failure of a large class of citizens to pay their taxes, the burdens of government are thus shifted, to an appreciable extent, to those who do pay, the principle of equal and uniform taxation contemplated by the Constitution is as truly violated as it would be if the property of one class of citizens should be assessed at valuations in excess of the valuations assessed against the property of another class.

The only effective means provided by law for assuring equality and uniformity of taxation, in this regard, is the provisions of the statute for the timely filing and diligent prosecution of suits for the collection of delinquent taxes. The Legislature has in the past made ample provision for the filing and prosecution of such suits and defined the duties devolving upon the officers of the government with reference thereto. Having thus clearly recognized that taxes should be paid annually as they accrue, it is not to be presumed that the Legislature, in passing the act in question, and in remitting a portion or all of the penalty on delinquent taxes, provided they are paid in a certain time, meant by such enactment to aggravate the situation above referred to by extending to the delinquent taxpayer a definite moratorium during which he could, as a matter of right, fail to pay his taxes and be immune from suit for the enforcement of his obligation to the government. We think rather that the purpose and intent of the act, as clearly expressed, is to merely offer inducement for the prompt payment of delinquent taxes. Thus the act extends a mere privilege to the citizen who is delinquent in his tax payment, which privilege he may claim by complying with the terms of the act. But it is only a privilege and not a right of immunity from suit.

In the case of Jones v. Williams, supra, the Supreme Court held that penalties assessed against delinquent taxpayers, since they are mere penalties and not in the nature of a tax, may be suspended or remitted by the Legislature. The court assessed a 1 per cent. penalty only against the delinquent taxes in this case, that being the amount of penalty due in accordance with the act at the time the judgment was rendered. No contention is here made that the judgment is erroneous in that respect.

The suit in this instance was not premature.

The judgment rendered was proper and should be affirmed, and it is so ordered.