No. 32,153

N. E. ROYSE, *Appellee*, v. J. D. GRAGE, *Appellant*.

(42 P. 2d 942)

Opinion filed April 6, 1935.

*Arnold C. Todd, Julian E. Ralston* and *Ralph Gore,* all of Wichita, for the appellant.

*John B. Bryant* and *B. Mack Bryant,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the district court sustaining a demurrer to a petition filed by the defendant to vacate a judgment previously rendered in the action on the ground of unavoidable casualty or misfortune preventing defendant from defending. (R. S. 60-3007, 7th clause.)

The case was here before (*Royse v. Grage,* 138 Kan. 779, 28 P. 2d 732), which was an appeal from an order of the court overruling a motion to set aside the judgment on the ground that it was void. It then appeared the action was one for damages for malpractice; that the petition was filed December 6, 1932; that no answer was filed; that on March 23, 1933, the action was regularly called for trial, and the court, as authorized by R. S. 60-3109, heard the evidence and rendered judgment for plaintiff; that thereafter the defendant filed a motion to set aside the judgment on the ground it was void, for the reasons: (1) That the petition did not state facts sufficient to constitute a cause of action, and (2) that the evidence offered was insufficient to sustain the judgment. The trial court overruled this motion, and this court affirmed the ruling.

Thereafter, and on April 6, 1934, the defendant filed the petition involved in this appeal. The unavoidable casualty and misfortune

alleged were: (1) That at the beginning of the action service of summons was obtained upon defendant (the petitioner here) by leaving a copy thereof at his residence, but that the copy actually never was received or seen by defendant, or any other persons at his residence, and that he had no knowledge that the action had been brought. (2) That the attorney for petitioner had conferred with plaintiff's attorney respecting the claim and that he depended upon the attorney for plaintiff to inform him of the filing of the action. In this connection it may be noted there is no allegation that plaintiff's attorney agreed to inform the attorney representing defendant of the filing of the action in any other manner than by filing the petition and causing summons to be issued thereon. It is alleged that shortly after the action was filed the attorney representing defendant became a member of the state legislature and by reason thereof was absent from his office for a period of about three months, during which time he was unable to remain in contact with sources of information which would have apprised him of the pendency of the action. In this connection we take judicial notice that the session of the legislature did not begin until January 10, 1933, which was more than a month after the petition was filed. It is further alleged defendant had a good defense to the action, and accompanying the petition to set aside the judgment is an answer which in effect is a general denial of negligence on the part of defendant, or that plaintiff sustained any damages by reason of defendant's negligence.

The principal legal question presented concerns the service of summons upon defendant at the beginning of the action. The petition to vacate the judgment alleges that it was served by leaving a copy thereof at the residence of defendant. In *Atchison County v. Challiss*, 65 Kan. 179, 69 Pac. 173, it was held:

". . . Service by leaving a copy of the summons at the usual place of residence of a defendant is personal service, within the meaning and intent of the act, and valid."

The "act" referred to in this quotation is our present R. S. 60-2507. The point determined was carefully considered in the opinion and the earlier cases cited. The opinion has been cited with approval in the following cases: *Thisler v. Little*, 86 Kan. 787, 790, 121 Pac. 1123; *Sheehy v. Lemons*, 99 Kan. 283, 284, 161 Pac. 662;

*Railway Co. v. Cowley County,* 103 Kan. 681, 684, 176 Pac. 99; *Montgomery County v. Wilmot,* 114 Kan. 819, 824, 221 Pac. 276.

Appellant asks us to say that there is a difference in legal effect between the serving of a copy of summons upon a defendant personally and leaving it at his usual place of residence. To so hold would be to change the law which has existed in this state from the beginning. If such a change is to be made the legislature, not the court, should do this.

It is rather obvious that the other matters relied upon as constituting unavoidable casualty and misfortune are not substantial. On this point appellant cites and relies largely on *Gordon v. Tennhardt,* 134 Kan. 799, 8 P. 2d 328. That case originated in the city court, where both parties appeared and were represented by counsel, and was appealed to the district court, where it was tried in the absence of defendant and his counsel and without the notice to them required by our rule No. 31 (now No. 48), and the journal entry filed without being submitted to opposing counsel, as required by our rule No. 32 (now No. 49). There are other differences in the facts, but these are sufficient to distinguish it.

We find no error in the ruling of the trial court, and its judgment is affirmed.