No. 33,083

The Board of County Commissioners of the County of Pawnee, *Appellee*, v. M. J. Adams et al., *Defendants;* Nellie Cline Steenson, *Appellant.*

(62 P. 2d 844)

Opinion filed December 12, 1936.

A. L. *Moffat*, of Kinsley, *H. S. Rogers*, and *Richard H. Browne*, both of Larned, for the appellant.

*Russell L. Strobel*, county attorney, and *Vincent G. Fleming*, of Larned, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action under the statute R. S. 79-2801 *et seq.*, to foreclose Pawnee county's liens on lands on which the taxes had not been paid and which had been bid in by the county treasurer pursuant to R. S. 79-2324 *et seq.*

The lands of present concern were two town lots in the city of Larned. Appellant was one of a number of parties having some right or interest in the property. The taxes for the year 1930 were $9.27 and they were not paid. So, too, the taxes for 1931, amounting to $8.19, were likewise unpaid. For these delinquencies those town lots had been sold in September, 1931, and again in 1932, and bid in by the county treasurer in the name of Pawnee county.

On November 18, 1935, the plaintiff board of county commissioners directed the county attorney to institute this action. The petition stated all the material facts and prayed judgment in conformity with the statute.

To this petition appellant demurred in general terms, but the legal question she intended to raise was whether the enactment of chapter 307 of the Laws of 1935 had the effect of preventing the commencement and prosecution of this action prior to March 1, 1937.

The trial court overruled the demurrer, and the cause is brought here for review.

The statute under which plaintiff sought to maintain this action, in substance, provides that where lands have been sold for delinquent taxes and are bid in by the county and remain unredeemed for three and one fourth years thereafter, it shall be the duty of the county attorney on direction of the board of county commissioners to institute an action to foreclose the county's lien on such lands, in which action the owners or supposed owners are to be made defendants. A procedure is outlined whereby the lands may be sold and the proceeds paid over to the county treasurer, with other details of no present concern. (R. S. 79-2801 to 79-2806, inc.)

The statute on which appellant relies was enacted in 1935 (ch. 307). It provides in substance that as to lands bid in for delinquent taxes in the name of the county at the tax sale of September, 1934, or prior years, all penalties, costs, expenses and interest chargeable against such lands are remitted for the benefit of the owner or record title holder, and such lands may be redeemed from such tax sale on or before March 1, 1937, by the payment of the taxes and simple interest thereon from September 1, 1935. The statute prescribes other general inducements to owners, mortgagees or other interested parties to pay delinquent taxes in whole or in part, or to redeem in whole or in part from tax sales. Additional privileges to delinquent taxpayers are also conferred by the act, but the foregoing is a sufficient summary for the purposes of this review.

Appellant argues that because the statute of 1935 gives her until March 1, 1937, to redeem the property from delinquent tax sale, or to make partial redemption of it from such sale, if this foreclosure suit under sanction of the other statute, R. S. 79-2801 et seq., is countenanced, the effect will be to nullify the statute of 1935. We think not. The plaintiff's petition is not set out in full in the abstract, but appellant's argument appears to be based on the assumption that not only is a judgment sought for the amount of the taxes and simple interest since September 1, 1935, but for the usual costs, penalties, etc., which would be chargeable if chapter 307 had not been enacted. However, counsel for the appellee say:

"The petition does not pray judgment for accrued interest, costs and penalties; only the assessed taxes are sued for, plus interest at the rate of six percent from September 1, 1935, as provided by chapter 307. of the Laws of 1935."

Be that as it may, the prayer of the petition is no part of the cause of action. The trial court will see that any judgment entered

in this foreclosure suit is limited to such amount as is recoverable under the pertinent law. (*Estey v. Southwestern Gas Co.*, 129 Kan. 573, 575, 283 Pac. 628.)

On the broader question whether this action is maintainable prior to March 1, 1937, it is commonplace law that grants of special privileges are to be construed strictly, especially in respect to matters of taxation where the public revenues are concerned. (*Stahl v. Educational Assoc'n.*, 54 Kan. 542, 38 Pac. 796; *State, ex rel., v. Shawnee County Comm'rs.*, 132 Kan. 233, 294 Pac. 915.)

A case closely analogous to the one at bar was *McGruder's Unknown Heirs v. State* (Tex. Civ. App.), 68 S. W. 2d 519, where the Texas Court of Civil Appeals considered the effect of a statute substantially like our act of 1935. Pertinent paragraphs of the headnotes read:

"2. Exemptions from taxation must be strictly construed, both as to meaning of statutes granting exemptions and as to power of legislature to enact them (Vernon's Ann. Civ. St. art. 7336b, § 2; Const. art. 8, §§ 1, 13).

"3. State's suit for delinquent taxes due state, county, and common school district tried July 19, 1933, held not premature because statute allows delinquent taxpayers until September 30, 1933, to start paying delinquent taxes in installments, since statute does not declare moratorium in filing of tax suits (Vernon's Ann. Civ. St. art. 7336b; Const. Art. 8, §§ 1, 13)."

In the opinion the court said:

" . . . We do not think it was the intention of the legislature, in the enactment of the act in question, to declare any moratorium in the filing of tax suits. The act does not so provide, nor do we think such intent should be read into it by implication. As said by Chief Justice Cureton of the supreme court, in *Jones v. Williams,* 121 Tex. 94, 45 S. W. (2d) 130, 131, 79 A. L. R. 983: 'Exemptions from taxation are regarded not only as in derogation of sovereign authority, but of common right as well. They must be strictly construed, and not extended beyond the express requirements of the language used, not only as to the meaning of statutes granting exemptions, but as to the power of the legislature to enact them.'" (p. 520.)

For instructive but opposing views on the constitutionality of statutes like our chapter 307, see the recent cases of *Biles v. Robey,* 43 Ariz. 276, 30 P. 2d 841, and *Steinacher v. Swanson,* (Neb.) 268 N. W. 317.

Counsel for appellant direct attention to our recent case of *Dieterich v. Knox,* 143 Kan. 698, 56 P. 2d 65, but nothing therein said is at odds with the judgment of the district court in the case at bar; and the judgment is therefore affirmed.