No. 34,675

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LABETTE, *Appellee*, v. CARRIE L. ABBEY et al., *Appellants*.

(100 P. 2d 720)

*F. O. Martin* and *B. F. Messick,* both of Topeka, for the appellants.

*Glenn Jones,* county attorney, and *Hal Hyler,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action authorized by G. S. 1935, 79-2801, *et seq.,* to foreclose tax liens upon a large number of lots, tracts and parcels of real property. The petition was filed February 17, 1939, and the cause was set for hearing on its merits for June 20, 1939. None of the defendants filed answers. On the day set for hearing several of the defendants appeared specially and moved to dismiss the action as to them. The grounds of these motions are not shown by the record before us. The motions were overruled. As to the appellants here, judgment was taken foreclosing the tax liens. Thereafter and on the same day the appellants, E. S. Nance, Jessie Beck, W. R. Daniels, Jessie Lee Beck, H. H. Daniels and Beck & Loper, moved the court that the causes of action in which they were interested be separated from the general joinder in the case, for the reason that the properties involved were the homesteads of the movants. These motions were overruled. In this state homesteads are not exempt from taxes, nor for sale for nonpayment of taxes. (Const., art. 15, § 9; G. S. 1935, 60-3501.) The appellant, E. S. Nance, owner of certain parcels of the property, relying on chapter 326, Laws of 1939, tendered the taxes thereon for 1938 and one-half of the tax for the first year of delinquency, and offered to pay the costs apportioned to such properties, and asked the court to set aside the judgment pertaining to those properties, and that they be released from the order for their sale. This motion was overruled. On August 10, 1939, Homer H. Daniels, assuming to act on behalf of himself and others whose rights are affected in the same manner, appearing specially, moved the court to set aside the judgment of June 20, on the ground that the court was without jurisdiction to render the judgment; that there was no legal service of summons made upon the defendants, or any of them; that defendants, nor any of them, have entered their voluntary appearance, or waived the issuance and service of summons; that the judgment

rendered is void, and that all proceedings made and had in pursuance of the judgment are void. This motion was overruled. The respective properties were sold on August 15 and succeeding days. On September 5 Homer H. Daniels and C. J. Ramsey, assuming to act for themselves and others in like situation, filed their objections to the confirmation of the sale, on the ground that the filing of the action against the defendants was in direct violation of law, and therefore invalid; that all judgments rendered in the action were invalid, and that the purported sale was illegally and wrongfully held, and that the proceedings had during the sales were in contravention of the laws of the state. The court considered and overruled this motion October 3. At this hearing neither the movants nor their attorneys appeared, although due and legal notice of the hearing had been timely served upon their attorneys. On October 11 there was filed on behalf of such movants certain affidavits to be used on the hearing of the motion last mentioned. Thereafter plaintiff moved to strike those affidavits from the files, and this motion was heard by the court on December 23 and sustained, the court specifically finding that the affidavits were filed after the ruling of the court on the motion, and never were at any time presented to the court for consideration. On September 2 the appellants, H. H. Daniels, W. R. Daniels, Beck & Loper, and Jessie Lee Beck, moved the court to set aside the sale of one of the lots, on the ground that the highest bid had not been accepted, the allegation being that the defendants bid the sum of one dollar over and above the bid of the purchaser; and on some date not shown, the appellant, Harry A. McNally, filed a similar motion to set aside the sale of certain other lots for a similar reason. These motions were considered and overruled by the court on October 3, at which time neither the movants nor their attorneys appeared, although previously they had been notified of the date of the hearing of such motion. No evidence was offered in support of these motions. On October 9, 1939, appellants served and filed their notice of appeal from "the rulings of said court on defendants' motion to set aside the sale in said action and all other judgments, orders, decrees and adjudications of the court heretofore rendered in said action."

The attempted appeal from the judgment is too late. (G. S. 1939 Supp. 60-3309.) However, in two of the motions, one filed August 10 and the other September 5, the court was asked to set aside the judgment of June 20 on the ground that it was void. Such a motion

can be made at any time (G. S. 1935, 60-3009), and the appeal from the overruling of those motions is in time.

Appellants contend that the entire proceeding, hence the judgment, is void because of chapter 365, Laws of 1937, in force when the action was brought, which, under some circumstances, gives an owner of property where the taxes are delinquent authority to pay the last year's taxes, and certain of the earlier taxes, and to have an extension of time in which to pay the remainder before a tax deed issues. This is one of a series of acts passed by our legislature (Laws 1935, ch. 307; Laws 1937, ch. 365; Laws 1939, ch. 326), which are similar in import. In *Pawnee County Comm'rs v. Adams,* 144 Kan. 787, 62 P. 2d 844, the court had the same contention made with respect to the act of 1935. It there was held that the act of 1935 did not nullify G. S. 1935, 79-2801, nor affect the right of the county to proceed in an action to foreclose its tax lien. The reasoning of that case we think applies here, hence neither the statute of 1937 nor of 1939 was a bar to this action.

It next is argued that the sale was for the amount of the "taxes, interest and penalties" charged to each particular tract of real property, while under the statute authorizing foreclosure, sale could be had only for the taxes. The entry of judgment first made in this case recited that the amount shown in the exhibit attached thereto included the taxes, interest and penalties. In a motion for a *nunc pro tunc* order the court corrected the entry of this judgment so as to speak the truth. It was shown that the amount charged against each tract of real property was the taxes only, and did not include interest and penalty; that in fact the court, at the time judgment was rendered, did not render judgment finding the amount due to include interest and penalties, and the entry of judgment of the court was corrected accordingly. Appellants complain that this *nunc pro tunc* order was made after the appeal was filed in this court. We think that is no objection to it, but upon a proper application and notice, which was given here, the court at any time could correct its record so as to speak the truth by a *nunc pro tunc* order.

On behalf of appellant Frank L. Robbins it is argued that there was no legal summons served upon him. The summons was duly issued and delivered to the sheriff, who made a return thereon that he served the same by leaving a copy thereof, duly certified, with endorsements thereon, at the usual place of residence of Frank L. Robbins. We are told in the brief that Robbins resides in Shawnee

county, and has resided there for several years. Upon this we are asked to hold that the summons was void as to Robbins. It does not appear this question ever was raised in the court below. The return of the sheriff showing a service upon a defendant at his usual place of residence is regarded in law as a personal service (*Royse v. Grage,* 141 Kan. 702, 703, 704, 42 P. 2d 942, and cases there cited), and gives the court jurisdiction. If the return is false, the remedy of the person purported to have been served is an action for damages against the sheriff, or an independent action to set aside the judgment, or to enjoin its execution. (*Gibson v. Enright,* 135 Kan. 181, 9 P. 2d 971.) No such action is before us.

Appellants argue that plaintiff was without authority to employ clerks to figure taxes on the property that was delinquent and subject to sale, and without authority to employ an abstracter to certify title and give description before filing the petition. We think neither of these questions is involved here. They further contend that plaintiff was without authority to employ auctioneers to sell the property. The record does not disclose that was done. We understand special deputy sheriffs cried the sale, but the final bids were taken and reported by the sheriff. Appellants complain that some of the defendants were served more than once, some who had been served personally were served by publication also, and that the notice of sale was published in two newspapers instead of but one, and that these matters increased court costs, also that the judgment of June 20 taxed a fixed amount of the costs to each tract of real property involved. There was no motion to retax costs, hence these questions are not properly before this court.

We find no error in the record of which appellants can complain. The judgment of the court below is affirmed.