No. 36,604

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK, *Appellee*, v. (L. ACKERMAN) JAMES B. ELLIS, *Appellant.*

(170 P. 2d 145)

Opinion filed July 6, 1946.

*William Keith*, of Wichita, was on the briefs for the appellant.

*Pat Warnick*, county attorney, *L. M. Kagey, Lee R. Meador, Fred M. Field, John H. Gerety* and *B. Mack Bryant*, deputy county attorneys, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal here is from an order of the trial court overruling appellant's motion to set aside a judgment, which motion was predicated upon the ground that the judgment was void for the lack of service of process upon appellant. The facts disclosed by the record may be summarized as follows: On August 2, 1945, plaintiff filed a petition, authorized by G. S. 1935, 79-2801 *et seq.* as amended (see G. S. 1945 Supp. same sections), to foreclose tax liens upon 157 tracts of real property in Sedgwick county. There were about 200 defendants, many of whom resided in the county. A praecipe for summons for the resident defendant, giving defendant's address as 1130 South Fern street, was filed and summons was duly issued for the appellant as well as for other defendants. On August 8 the sheriff filed a return showing service upon the appellant by

leaving a certified copy thereof at his usual place of residence on August 4. He made no appearance in the case and judgment was rendered against him in favor of plaintiff on October 27, 1945. Thereafter an order of sale was issued and publication made, and on January 7, 1946, the property of the appellant was sold by the sheriff to Carolyn Kauffman, to whom a sheriff's deed was issued. On January 25, 1946, appellant filed a motion in the action to set aside the judgment and all proceedings thereunder upon the grounds that the "judgment is absolutely null and void . . . in this, to wit: That there was no service of summons herein, either actual or constructive, on said defendants." On February 2, 1946, this motion came on for hearing. Appellant testified that he lived on the lots described in the petition, with his address 1130 South Fern street, in a small two-room house; that on August 4 he was working for his employer, J. B. Muller; that he habitually left home for work about eight in the morning, returning about six o'clock p. m., locking his residence and leaving no one in charge thereof; that he did so on August 4, and that upon his return to his home that evening he did not find a summons, and that he did not know that he had been sued prior to October 27, when judgment was taken; that he first learned that he had been sued and that judgment had been taken against his property, which was to be sold for taxes, sometime in December, 1945, when a neighbor showed him a sheriff's sale advertisement in a newspaper and a sales sign was posted in front of his property. J. B. Muller testified that he was a contractor and operates a dairy farm; that appellant worked for him the week ending August 4, 1945; that he knew where appellant lived and usually took him to work in the morning and brought him home in the evening, and that this was done on August 4. The trial court, in passing upon the motion, expressed the opinion that appellant's testimony only indicated that he did not get the summons, not that the sheriff failed to leave the summons at his residence.

Counsel for appellant criticizes the practice in this type of action of including so many tracts of real property and so many defendants. A sufficient answer to this criticism is that the statute specifically authorizes it. (G. S. 1945 Supp. 79-2802.) Appellant cites *Bond v. Wilson*, 8 Kan. 228; *Starkweather v. Morgan*, 15 Kan. 274; *Chambers v. Bridge Manufactory*, 16 Kan. 270; and *Hanson v. Wolcott*, 19 Kan. 207, which sustain the view that the return of the sheriff showing service of summons at the usual place of residence

of defendant may be impeached. In those cases the impeachment was by showing that the place where the service was made was not the place of residence of the defendant. Such is not the case here. Appellant testified that he resided at 1130 South Fern street, which is the place shown by the sheriff's return at which a copy of the summons was left.

Our statute (G. S. 1935, 60-2507) specifically authorizes the service of summons by leaving the same at the usual place of residence of defendant. In *Atchison County v. Challiss,* 65 Kan. 179, 69 Pac. 173, it was held:

"Service by leaving a copy of the summons at the usual place of residence of a defendant is personal service within the meaning and intent of the act, and valid."

In *Royse v. Grage,* 141 Kan. 702, 42 P. 2d 942, such service is spoken of as being "tantamount to personal service." Others of our cases are in accord. See *Thisler v. Little,* 86 Kan. 787, 121 Pac. 1123; *Sheehy v. Lemons,* 99 Kan. 283, 161 Pac. 662; and *Labette County Comm'rs v. Abbey,* 151 Kan. 710, 100 P. 2d 720.

The evidence in this case does not show that the sheriff made a false return. All appellant testified to is consistent with the return of the sheriff. Had appellant contended the sheriff had made a false return his remedy would have been an action for damages against the sheriff. (See *Gibson v. Enright,* 135 Kan. 181, 9 P. 2d 971; and *Labette County Comm'rs v. Abbey,* supra.)

Counsel for appellant complains of the hardship upon defendant in having to lose his property for unpaid taxes. His testimony disclosed that he had actual knowledge that his property was being advertised for sale sometime in December, 1945. Under our statute (G. S. 1945 Supp. 79-2803) he might have moved at that time to pay the taxes and to have avoided its sale. Why he did not do so is not disclosed, and perhaps is immaterial here.

The result is the judgment of the trial court must be affirmed. It is so ordered.