## UNITED LOAN AND FINANCE CO., Respondent,

v.

## Iris SMILEY, Appellant.

### No. KCD 29203.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Motion for Rehearing and/or Transfer
Denied April 3, 1978.

Application to Transfer Denied
May 9, 1978.

Dale K. Irwin, Legal Aid and Defender Society, James L. Muller, Kansas City, for appellant.

Joseph H. Ernst, Thayer, Gum, Ernst & Wickert, Grandview, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

United Loan and Finance Company filed a verified petition and application under the Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1969, and Rule 74.79, to register a Kansas judgment in this State. The judgment was ordered registered in the magistrate court but Iris Smiley appealed to the circuit court. That court overruled Smiley's motion to dismiss United's petition and affirmed the magistrate order registering the judgment. This appeal follows.

Smiley contends the Kansas judgment is void because the Kansas statute allowing service at the residence of a defendant does not afford due process. Affirmed.

The parties filed a stipulation of facts in the circuit court. In that stipulation is was agreed United was a duly organized and existing corporation and Smiley was a citizen and resident of the State of Kansas at the time United filed an action in Kansas against her. In fact, the stipulation agrees

Smiley remained a resident of Kansas to the date the stipulation was filed. The stipulation further agreed United filed its petition in the magistrate court of Wyandotte County, Kansas praying for a judgment in the sum of $1,151.50. It was agreed summons was directed to Smiley and a deputy marshall of Wyandotte County served a copy of the summons pursuant to § 61–1805 K.S.A.1976 Supp., by leaving a copy of the summons at Smiley's residence.

It was agreed Smiley did not obtain actual notice of the pendency of this action but a default judgment was entered in Wyandotte County against her.

On this appeal Smiley directs her attack solely at the mode of service of process allowed by the Kansas law which permits a copy of the summons to be left at the residence of the defendant. Smiley did not present a constitutional question to the circuit court and that court did not undertake to pass on any constitutional question, thus, no question is presented on this appeal as to the constitutionality of the Kansas statute allowing service at the residence. *State v. Sappington*, 260 S.W.2d 669, 672 (Mo.1953). Nor does Smiley challenge the return made by the deputy or any other statement appearing on the face of the record. In fact, Smiley admits the deputy served a copy of the summons in accordance with the prevailing Kansas law by leaving a copy at her residence.

As noted, Smiley's sole attack is leveled at the mode of service permitted by the Kansas statute. Her complaint is that service by leaving a copy of the summons at the residence does not comport with due process of law and is not sufficient to support a personal judgment.

Smiley relies upon *Leichty v. Kansas City Bridge Co.*, 354 Mo. 629, 190 S.W.2d 201, 203[1, 2] (banc 1945) in which the court held a judgment may be collaterally attacked for want of jurisdiction of the subject matter or of the parties. As noted, Smiley does not contend the Kansas court lacked jurisdiction of the subject matter or of her person but only challenges the validity of the Kansas service statute.

No comparable case has been located in this State although there seems to be ample precedent in other states and texts. Although some of the authority is ancient, the law appears to be unchanged. In *Harryman and Schryver v. Roberts*, 52 Md. 64, 76 (1879) the court stated:

And whatever conflict there may be in some of the earlier cases on the subject, we think it is now well settled, that if process be served upon the defendant, according to the laws of the State of which he is a *resident*, and judgment be afterwards rendered against him, such a judgment is as binding between the parties, in this State, when relied on as a bar to the prosecution of a second suit, upon the same cause of action, as it is in the State where it was rendered.

The same rule was announced in *Bimeler v. Dawson, et al.*, 5 Ill. 536, 542 (1843):

The record produced by the plaintiff showed that there was service of process, and if the laws of Ohio authorized the kind of service, and the defendant at the same time was an inhabitant of the State, he was bound to interpose his defence there, and omitting to do it, the judgment there rendered is conclusive in this State.

The same rule is said to be the better rule in 3 Freeman Judgments ¶ 1376, at 2845 (1925):

The position, however, which seems to be best sustained, both by reason and by precedents, is, that each state has the authority to provide the means by which its own citizens may be brought before its courts; that the courts of other states have no authority to disregard the means thus provided; and finally, that every judgment or decree obtained in a state against some of its citizens, by virtue of a lawful, though constructive, service of process, should be as obligatory upon such citizen in every other state as it is in the state whence it is taken.

A more recent statement of the rule, and perhaps more precise to the question presented here, is found in 126 A.L.R. 1474, at 1480 (1940):

By the great weight of authority a personal judgment rendered against a resident of the state upon service by leaving a copy of the summons at his usual place of abode, or service upon an attorney appointed by the court to receive service for the absent defendant, if such mode of service is authorized by the statute of the state, is in accord with due process of law and valid, not only in the state where rendered, but also elsewhere.

Perhaps the most recent statement of the rule is found in 50 C.J.S. Judgments § 893, at 508:

If process is served on a defendant according to the laws of the state of which he is a resident, and in which the action is brought, although it falls short of actual personal service, a judgment rendered against him is entitled to recognition as valid and binding in the courts of another state; but the judgment is liable to be impeached in the courts of another state by proof that defendant was not actually domiciled in the state where it was rendered, or subject to its laws.

From all of the above authorities it is clear the validity of the Kansas statute allowing service by delivering a copy of the summons to the residence of Smiley may not be attacked in this State when it is conceded Smiley was a resident of the State of Kansas at the time service was made.

Smiley does not question the fact the Kansas mode of service has been upheld by the courts of Kansas. The Kansas service statute under attack here was upheld in *Royse v. Grage*, 141 Kan. 702, 42 P.2d 942 (1935) and *Board of County Com'rs of Sedgwick County v. Ellis*, 161 Kan. 631, 170 P.2d 145 (1946). Thus there is no doubt the judgment in this case was valid in Kansas.

Smiley further attempts to bring her argument under the rule stated in *Scott v. Scott*, 441 S.W.2d 330, 332[1] (Mo.1969) which states that a judgment of another state is subject to attack for failure to give due notice to the defendant. As already noted, Smiley does not question the fact that service of process was made in accordance with the Kansas statute and that this service has been upheld by Kansas. What she seeks from this court is a determination that the Kansas statute is invalid. The failure to give due notice mentioned in *Scott* does not give this court authority to pass on the validity of the Kansas service of process statute in this case.

Under the rule in *Scott* and under the holding in *Leichty*, Smiley could raise the failure to give notice by attempting to show the return of the sheriff was false or was fraudulently made or by presenting other facts which would demonstrate that in fact she was not given notice of the pendency of a suit against her in accordance with Kansas law. However, this does not permit Smiley to bring into question in Missouri the validity of a Kansas service of process statute which has been approved by the courts of Kansas and which was followed in obtaining jurisdiction of her while she was a resident of that state.

The judgment is affirmed.

All concur.