(592 P.2d 469)

No. 49,796

DAVID G. McCALL, *Plaintiff*, v. JUDY K. McCALL, *Defendant-Appellant,* and PAUL LEWIS, d/b/a PAUL LEWIS DRY-WALL CONTRACTOR, *Garnishee-Defendant, Appellee.*

Opinion filed December 29, 1978.

*Laurence M. Jarvis,* of Kansas City, for appellant.

No brief was filed by appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This is an appeal from an order setting aside a default judgment against a garnishee. In May and June, 1977, Judy K. McCall caused orders of garnishment to issue against Paul Lewis d/b/a Paul Lewis Dry-Wall Contractor. Judy believed her former husband, David G. McCall, was an employee of Lewis and the garnishment was an attempt to collect past due child support. No issue is presented as to the service of these garnishment orders. Lewis failed to answer and a motion for judgment against him was filed pursuant to K.S.A. 60-718(*c*). The motion and a notice of hearing were served on Lewis' wife at his residence. Lewis again failed to answer or appear and judgment was entered against him for $1,185. Lewis subsequently moved to set aside the judgment. In support of this motion, he contended (1) that at the time the orders of garnishment were served upon him he did not owe David G. McCall any money, and being unfamiliar with the law, did not feel it legally necessary to answer; (2) his failure to answer the motion for judgment against himself was a good faith error of judgment; and (3) since service of the motion for judgment against him had been on his wife and not him personally, it would be "unfair" to permit the judgment to stand.

The trial court, without dealing with the reasons for Lewis' failure to answer, entered the following findings of fact and conclusions of law:

"1.  That defendant's motion for judgment against garnishee was served upon the

garnishee Paul Lewis d/b/a Paul Lewis Dry-Wall Contractor through residential service on the 1st day of August, 1977, by leaving a true copy of the Motion for Judgment and Notice of Hearing with the wife of Paul Lewis at 4521 Sutton Court, Kansas City, Kansas.

"2. That the Court rules as a matter of law that residential service as set forth above is insufficient to support an in personam judgment.

"3. That the in personam judgment entered against the garnishee on August 19, 1977, on defendant's motion for judgment against the garnishee, be, and the same hereby is, vacated and held for naught."

Judy McCall appeals.

K.S.A. 60-718(c) provides that if the garnishee fails to answer the order of garnishment the court may grant judgment against the garnishee for the amount of plaintiff's judgment or claim against the defendant: *"Provided, however,* Said judgments may be taken only upon written motion and notice given in accordance with K.S.A. 60-206." K.S.A. 60-206(d) provides that a written motion and notice of hearing thereof shall be served not later than five days before the time specified for hearing. Here, the record reflects that the motion for judgment and notice of hearing were served on Lewis' wife eighteen days prior to the date set for hearing. Thus, the only issue as to service is whether residential service on Lewis' wife was sufficient.

Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with. *Briscoe v. Getto,* 204 Kan. 254, Syl. ¶ 1, 462 P.2d 127 (1969). K.S.A. 60-204 provides that the methods of serving process set out in article 3 of chapter 60 shall constitute sufficient service of process in all civil actions and special proceedings. K.S.A. 60-304(a) specifically provides that service upon an individual may be had by leaving copies of the summons and petition "at such individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Under our prior statute, G.S. 1949, 60-2507, it was consistently held that service by leaving a copy of the summons at the defendant's usual place of residence was tantamount to personal service. *Royse v. Grage,* 141 Kan. 702, 42 P.2d 942 (1935); *Sedgwick County Comm'rs v. Ellis,* 161 Kan. 631, 170 P.2d 145 (1946); *Godsoe v. Harder,* 164 Kan. 86, 187 P.2d 515 (1947). As Judge Gard has stated, the present statute's requirement of service on a resident of suitable age and discretion of the defendant's dwelling house

"seems better designed to give actual notice and to meet the requirements of due process than did the former statute requiring only that the summons be left at the usual place of residence." Gard's Kansas C. Civ. Proc. § 60-304(a) (1963). Service under the federal rule on which K.S.A. 60-304(*a*) is modeled is consistent with the precepts of due process. See *Hanna v. Plumer,* 380 U.S. 460, 14 L.Ed.2d 8, 85 S.Ct. 1136 (1965).

In *Briscoe v. Getto,* 204 Kan. 254, judgment against the garnishee was denied because of defective service. There, the garnishee was an individual and service was had upon his secretary at his office, not his residence. See also *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P.2d 900 (1971). Such is not the case here, where the garnishee defendant is an individual but service is had *at his residence* upon a person of suitable age and discretion residing therein.

We hold that the service of the motion for judgment and notice of hearing upon Lewis' wife at his residence was sufficient to invest the court with personal jurisdiction over Lewis.

We do not decide whether grounds exist for relief from the judgment pursuant to K.S.A. 60-260(*b*)(1) or (*b*)(6). Granting relief from a default judgment under K.S.A. 60-260(*b*) is a matter for the sound discretion of the trial court. *Jenkins v. Arnold,* 223 Kan. 298, 573 P.2d 1013 (1978).

The order appealed from is vacated and the case is remanded with directions to determine whether there are grounds for relief under the standards set forth in *Jenkins.*

Order vacated and remanded with directions.